JEAN R. STEBBINS et al., Respondents, *v.* JAMES KAY et al., Appellants.

The power to levy assessments for local improvements exists only where it is distinctly conferred by legislative authority.

Where the mode is prescribed in which the power is to be exercised, it must be followed.

One claiming to hold another's property, under a sale to pay such an assessment, must show that every provision designed for the security of the property owner has been substantially complied with; the courts may not say that any one is immaterial, or that the same protection may be obtained by other means.

In an action to recover possession of certain premises, plaintiff claimed title under a sale by the comptroller, because of failure to pay an assessment on the premises, made under the act for the opening and improving of Gravesend avenue in the county of Kings (Chap. 531, Laws of 1873, as amended by chap. 264, Laws of 1874). The certificate to the commissioners' report entirely omitted to state, as required by said act (§ 9), that the apportionment and assessment "are contained and stated" in the column designated "assessment for construction." *Held*, that the provision was mandatory, not directory, and was material; and so, that non-compliance therewith rendered the assessment void.

The provisions of the act of 1855 (§§ 63–73, chap. 427, Laws of 1855), in reference to the collection of taxes on lands of non-residents, which pro-

vide a scheme for redemption of land sold for taxes, do not validate sales made without jurisdiction.

*Stebbins* v. *Kay* (51 Hun, 589), reversed.

(Argued June 5, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 11, 1889, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Circuit.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Gaynor* for appellants.   Both levies were void. (*Sage* v. *City of Brooklyn*, 89 N. Y. 189; Laws of 1873, chap. 863.)   The second assessment — for improving — was also void, for the reason that the act provides for no notice to the land owners of opportunity to be heard concerning the assessment.   (*Stuart* v. *Palmer*, 74 N. Y. 183; *Spencer* v. *Merchant*, 100 id. 585; *Remsen* v. *Wheeler*, 105 id. 573; *Spencer* v. *Merchant*, 125 U. S. 345; *S. M. Co.* v. *S. P. R. Co.*, 13 Fed. Rep. 722; *S. C. Co.* v. *S. P. R. Co.*, 18 id. 385; *People* v. *Turner*, 117 N. Y. 227–237; *In re Van Antwerp*, 56 id. 261; *People* v. *Mayor*, 4 id. 419; *Litchfield* v. *Vernon*, 41 id. 123; *Gorden* v. *Cornes*, 47 id. 603.)   It is claimed on the other side that the notice of hearing to the land owner required by the Constitution is in fact provided for by the act under review.   An analysis of the act will show this claim to be unfounded.   (*Spencer* v. *Merchant*, 100 N. Y. 589; Therman on Estop. § 69.)   The said alleged assessment for improving (for construction) is also void for the reason that it was never levied.   (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9; *Merritt* v. *Village of Portchester*, 71 id. 309–312; *Brevoort* v. *City of Brooklyn*, 89 id. 128; *Shattock* v. *Bascom*, 105 id. 39; *In re Cameron*, 50 id. 502; *In re Hearn*, 96 id. 378; Cooley on Tax. [2d ed.] 475; *Hilton* v. *Bender*, 69 N. Y. 75.)   The sale is void for the reason that no warrant was ever

issued for the collection of the assessments in question, and, therefore, no return of non-payment could have been legally made by the collector to the county treasurer, or by the latter to the state comptroller, to serve as a basis for a sale. (*Bradley* v. *Ward,* 58 N. Y. 401–410 ; *Farnham* v. *Hildreth,* 32 Barb. 277 ; *Dunham* v. *Reilly,* 110 N. Y. 366 ; Cooley on Tax. [2d ed.] 424.) The deed of conveyance in this case was not even presumptive evidence. (*Caulkins* v. *Chamberlain,* 37 Hun, 163, 169 ; *In re Cameron,* 50 N. Y. 502 ; *Shattuck* v. *Bascom,* 105 id. 30; *Merritt* v. *Vil. of Portchester,* 71 id. 309–312 ; *People* v. *Hagadorn,* 105 id. 516 ; *Halpin* v. *P. Ins. Co.,* 118 id. 165 ; *Slattery* v. *Schwannecke,* Id. 543, 547.) The order of the Supreme Court confirming the proceedings of the commissioners in the opening of the avenue (including the taking of the land and the levying of the assessments thereof) is not conclusive, any more than the adjudications of the commissioners themselves are conclusive. (Freem. on Judg. [3d ed.] § 110 ; Cooley on Const. Lim. [5th ed.] 493 ; *Elliot* v. *Piersol,* 1 Pet. 328–340 ; *C. Bank* v. *Judson,* 8 N. Y. 254, 259 ; *Craig* v. *Town of Andes,* 93 id. 405, 410 ; Herm. on Est. §§ 65, 112, 113, 357, 360 ; *Dudley* v. *Mayhew,* 3 N. Y. 1 ; *Buckle* v. *Eckhart,* 3 id. 132 ; *McMahon* v. *Rauhr,* 47 id. 67.)

*Leslie W. Russell* and *Welton Percy* for respondents. The reports of the commissioners were sufficient. (*Mandeville* v. *Reynolds,* 68 N. Y. 528 ; *Coleman* v. *Shattuck,* 62 id. 348 ; *In re Cameron,* 50 id. 502 ; *In re Hearn,* 96 id. 378 ; Laws of 1855, chap. 427, § 65 ; Laws of 1874, chap. 264, § 11 ; *Jones* v. *Chamberlain,* 109 N. Y. 100 ; *Wood* v. *Knapp,* 100 id. 112) The constitutional question raised in regard to the assessment for construction under section 9 of the act (in that notice was not provided for) is not well taken. (67 N. Y. 371, 378; *Haurmett* v. *City of Philadelphia,* 65 Penn. St. 146 ; Burr on Tax. § 147 ; Cooley on Const. Lim. § 507 ; *People* v. *Mayor, etc.,* 4 N. Y. 419 ; *Litchfield* v. *Vernon,* 41 id. 123 ; *In re Van Antwerp,* 56 id. 261 ; *Gordon* v. *Cornes,* 47

id. 608, 611 ; *Genet* v. *City of Brooklyn*, 99 id. 296, 306 ; *Spencer* v. *Merchant*, 100 id. 585 ; 125 U. S. 345 ; *People* v. *Flagg*, 46 N. Y. 401 ; *Brewster* v. *City of Syracuse*, 19 id. 116 ; *People* v. *Haws*, 34 Barb. 69.) The procedure here is precisely parallel to the procedure whereby the general taxes for state, county and town purposes are levied. (*People* v. *Turner*, 117 N. Y. 227.) The defendant is concluded by the determinations of the commissioners, and their confirmation by the court. (67 N. Y. 378 ; *In re U. E. R. R. Co.*, 112 id. 61.) The objection to the constitutionality of the first part of the acts (in relation to the opening) is not sound. (*Sage* v. *City of Brooklyn*, 89 N. Y. 189, 196 ; *McCormack* v. *City of Brooklyn*, 108 id. 49 ; *Vail* v. *L. I. R. R. Co.*, 106 id. 283 ; *Embury* v. *Connor*, 3 id. 511 ; *City of Brooklyn* v. *Copeland*, 106 id. 496 ; *Comrs.* v. *Armstrong*, 45 id. 234 ; *W. Comrs.* v. *P. P., etc., Co.*, 68 id. 591 ; 67 id. 371.) The comptroller's certificate is a bar. (*Sage* v. *City of Brooklyn*, 89 N. Y. 200.)

*Per Curiam.* This is an action in ejectment brought to recover possession of certain premises in the town of Gravesend. The land in question was sold by the state comptroller at the annual tax sale in 1881, and was purchased by the plaintiffs.

Chapter 531 of the Laws of 1873, as amended by chapter 264, of the Laws of 1874, provides for the opening and improving of Gravesend avenue, in the county of Kings. Under the authority conferred by these acts, the premises in question were assessed the sum of $266 for the purchase of the land required, and the sum of $279 for the construction of the avenue, making a total of $545. Because of the failure to pay this amount, the sale above mentioned was made. The defendants were the former owners, and are now in possession of the land in dispute.

As the sale was for the total of the two assessments it is sufficient for the defendants to show that either was invalid. This they attempt, and we think successfully, to do.

Section 9 of the act in question, deals with the construction of the roadway and sidewalks. It provides that the requisite amount shall be assessed *pro rata* upon the lands fronting on the avenue, except that as to lands not fronting on the avenue the commissioners are to assess them as they deem equitable, and to make a report. The section then proceeds as follows: " The amounts apportioned and assessed under this section shall be specified in a separate column of said report, to be designated ' assessments for construction,' opposite the numbers of the several parcels assessed or designated upon the map or maps forming part of said report. The said commissioners shall certify at the end of said report and below their proceedings for the opening of said avenue what was the expense of the publication of such notices for proposals as aforesaid, and what was the amount agreed to be paid to the person or persons with whom they made such contract, and that the apportionment and assessment thereof, as above directed, are contained and stated in said column so designated ' assessment for construction.' "

The commissioners did certify as to the various items of expense, but wholly omitted to certify that the column headed " assessment for construction," contains the apportionment and assessment directed by the act.

The power to levy assessments exists only where it is distinctly conferred by legislative authority. Where the mode is prescribed in which the power is to be exercised, it must be followed. The mode in such cases constitutes an essential element in the proceeding. Especially where one claims to hold another's property under a sale for taxes, must one show that every provision designed for the security of the taxpayer has been substantially complied with. Every such provision is mandatory. It is not for the courts to say that the same protection may be obtained by other means. " That which the legislature has directed, courts cannot declare immaterial." (*Merritt* v. *Village of Portchester,* 71 N. Y. 309.) No presumption will take the place of the act required.

There can be no pretense in the case at bar that there was a

substantial compliance with the provisions of section 9 in regard to the certificate. There was no attempt to comply with the last provision in section 9 above quoted. Where a certificate is required, a complete statement of the necessary facts in language other than that authorized by the act would be a substantial compliance with the statute. So the use of synonymous terms in an oath would not render an assessment invalid. But here a certificate as to certain facts is required and this requirement is entirely ignored.

The requirement, too, is a material one as above defined ; it is mandatory, not directory. It served as a protection to the taxpayer. The legislature desired the commissioners to make a solemn declaration that they had done their duty. To them was confided not merely a bare computation. It was their duty to lay such assessments upon adjoining property as seemed to them equitable. It was, therefore, provided that they should certify that the figures they had set down opposite the several lots were the apportionment and assessments made by them as directed in the act. (*Merritt* v. *Village of Portchester, supra; People* v. *Hagadorn,* 104 N. Y. 516 ; *Shattuck* v. *Bascom,* 105 id. 39.) But beyond this the certificate was the formal identification of the roll as the official act of the assessors. It was the only competent evidence of that fact. Upon the roll so certified the jurisdiction of the board of supervisors depends. "Without the certificate the roll would resemble a judgment record without the judgment clause." (*Van Rensselaer* v. *Witbeck,* 7 N. Y. 517.)

We think the property owner had the right to demand the certificate and the whole thereof, and that it is no answer to say that an officer is presumed to have done his duty. We, therefore, hold that the assessment as to the item of $229 is void.

We agree with the defendants that sections 63 and 73 of chapter 427 of the Laws of 1855, outline simply a scheme of redemption in cases where the land has been illegally sold, and that it was not intended to validate sales made without jurisdiction.

Our conclusion is, therefore, that the judgments of the Special and General Terms should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.