BENJAMIN L. CONDE, Respondent, *v.* THE CITY OF SCHENECTADY and HARRY W. DENNINGTON, as Treasurer of the City of Schenectady, Appellants.

*City of Schenectady — right of abutting property owners to determine the character of the pavements — if their direction be disregarded the assessment is void.*

Under the charter of the city of Schenectady, which provides that no ordinance shall be adopted requiring a street to be paved with any other than certain specified material, "except upon the petition in writing, duly proved or acknowledged, of the owners of lots abutting thereon, and constituting at least one-fourth of the frontage upon the street thereof or part to be improved," it seems that the property owners may select the kind of material with which they desire to have the street paved or repaved, and that the ordinance directing the paving of the street must substantially comply with the language of their petition.

A petition thus filed asked that the street in question be paved "with Trinidad sheet asphalt pavement," and the ordinance passed after the filing of this petition provided that the street should "be paved with asphalt sheet pavement," and the plans and specifications for the work provided for the making of a base of concrete, and then proceeded as follows: "Upon this concrete base will be laid the wearing surface or pavement proper, the matrix or binding material of which is a cement prepared with the best quality of refined lake asphaltum (distinctly excepting land or overflow asphaltum) and heavy petroleum oil, unmixed with any of the products of coal tar."

*Held,* that neither the ordinance nor the plans and specifications complied with the requirements of the petition, which asked for "Trinidad sheet asphalt pavement," as the ordinance directed that the street "be paved with asphalt sheet pavement," allowing asphalt from any part of the world to be used, and the plans and specifications called for refined lake asphaltum, "distinctly excepting land or overflow asphaltum," thus limiting the material to the asphalt

from the asphaltum lake, and preventing the competition which might otherwise exist if the use of the land or overflow asphaltum was authorized;

That the action of the city in directing the paving was illegal and that the assessment laid in pursuance thereof was void.

APPEAL by the defendants, The City of Schenectady and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 20th day of September, 1897, upon the report of a referee.

The action was brought to vacate and set aside an assessment upon the plaintiff's lot for the paving of a street in the city of Schenectady, and to enjoin the defendants from collecting said assessment.

Various errors, irregularities and illegalities in the proceedings and in the assessment are alleged which the plaintiff claims render the assessment invalid.

*S. W. Jackson,* for the appellants.

*Robert J. Landon,* for the respondent.

HERRICK, J.:

The action here under review is one in equity to remove a cloud upon the title of plaintiff's property. Such an action can be maintained only " when the claim or lien purports to affect real estate and appears on its face to be valid; when the defect in it can be made to appear only by extrinsic evidence." (*Marsh* v. *City of Brooklyn,* 59 N. Y. 283.)

"But the extrinsic evidence resorted to in aid of the action must show the defect relied upon to be one affecting the jurisdiction of the municipal officers." (*County of Monroe* v. *City of Rochester,* 154 N. Y. 570.)

Many of the errors and irregularities complained of by the plaintiff are of the kind that cannot be rectified or considered in an action of this kind; the remedy for an erroneous, unjust or irregular assessment is not by an action in equity but by certiorari. (*County of Monroe* v. *City of Rochester, supra,* 578.)

The charter of the city under whose provisions the proceedings to pave the street were taken is chapter 385 of the Laws of 1862, as amended from time to time, and particularly by chapter 294 of the Laws of 1890.

Section 72 of title 7 of the act provides, amongst other things, as follows : " Every assessment for a purpose authorized by this title shall be valid and effectual notwithstanding any irregularity, omission or error in any of the proceedings relating to the same ; and the common council may in its discretion correct any such irregularity, error or omission, or any error or mistake in the description of the lands assessed, or intended to be assessed, or in the designation of the owners or occupants thereof, and the original assessment upon any lands, after such corrections are made, may be enforced and collected in the same manner as though no such error, irregularity or mistake had been made."

The appellants herein rely upon that portion of the section as curing all the errors and irregularities complained of by the respondent. The general rule in relation to such errors is that " so long as the error does not partake of the nature of a jurisdictional defect the statute cures it." (*Gilmore* v. *City of Utica*, 131 N. Y. 33.)

But it is evident that it was not intended to thus in advance ratify all violation or departures from the statute by the city authorities, nor to cure all errors and illegalities perpetrated by them, for in the same section and immediately succeeding the paragraph we have quoted appears the following : " Whenever it shall be deemed by the common council or be determined by the judgment of a court of competent jurisdiction that any assessment authorized by this title is illegal or void for want of jurisdiction or for any other cause." — and then proceeds to provide for a new assessment.

It will thus be seen that the statute did not intend to cure all errors committed by the municipal authorities ; just what it intended to cure it is not necessary for us at this time to decide ; it is evident that it did not intend to ratify in advance proceedings by the municipal authorities that were without jurisdiction.

Statutes which give municipal authorities jurisdiction to take proceedings which will result in placing a lien upon the property of citizens, under which it may be sold must be strictly pursued, and any departure in substance from the formula prescribed by the statute will vitiate the whole proceeding. (*Newell* v. *Wheeleer*, 48 N. Y. 486 ; *Merritt* v. *Portchester*, 71 id. 309 ; *Stebbins* v. *Kay*, 123 id. 31.)

Section 51 of title 7 of the charter of the city of Schenectady

provides as follows : " No ordinance shall be adopted directing or requiring the carriageway of a street, or of any part of a street, to be paved with any other material than cobblestone, broken stone or gravel, or any such carriageway or any street or sidewalk to be regraded, repaved or reflagged, except upon the petition in writing, duly proved or acknowledged, of owners of lots abutting thereon and constituting at least one-fourth of the frontage upon the street or part thereof to be improved."

It seems to me that, by virtue of this language, the property owners may select the kind of material with which they desire to have the street paved or repaved.

In this case the property owners filed their petition, in which they asked that the street in question be paved " with Trinidad sheet asphalt pavement," with the exception of the space between the tracks of the railroad company, and a specified portion of the street which they asked to have paved with first quality granite block pavement.

The ordinance that was passed after the filing of this petition provided that the street in question should " be paved with asphalt sheet pavement," with the exceptions referred to in the petition, which it provided should be paved with first quality granite block, as therein prayed for.

Section 57 of title 7 provides that after the passage of the ordinance for the improvement, the common council shall make, or cause to be made, plans and specifications of such proposed improvement ; and it is upon such ordinance and the plans and specifications that the contractors are required to make their bids.

In this case the plans and specifications adopted by the common council provide for the making of a base of concrete, and then proceed as follows : " Upon this concrete base will be laid the wearing surface or pavement proper, the matrix or binding material of which is a cement prepared with the best quality of refined lake asphaltum (distinctly excepting land or overflow asphaltum) and heavy petroleum oil, unmixed with any of the products of coal tar."

It will thus be seen that neither the ordinance nor the plans and specifications complied with the requirements of the petition ; the petition asked for " Trinidad sheet asphalt pavement," and under the petition only asphalt from the island of Trinidad could be

used; under the ordinance, asphalt from any part of the world could be used.

This reaches the question of jurisdiction. The common council had no jurisdiction to adopt an ordinance for any other kind of pavement than that called for by the petition, and that being illegal, all subsequent proceedings based upon it must fall with it. I do not mean to say that an ordinance must follow in exact terms the language of the petition; a substantial compliance will suffice.

Here the departure is a substantial one.

The petition asked for "Trinidad sheet asphalt."

That means asphalt from the island of Trinidad; asphalt which is supposed to possess qualities peculiarly fitting it to be used in the construction of pavements.

Under the language of the ordinance, Trinidad asphalt is not required, it may be brought from any place, and may be of any kind or quality; the limitation of the petition is removed by the ordinance. But it may be said that the specifications cure the defect in the ordinance; if that were so, it would not avail; the specifications should follow and conform to the ordinance. Here the specifications complied with neither the petition nor the ordinance; they are narrower than either.

I think we may take judicial notice that there is a lake on the island of Trinidad known as the Asphaltum lake, and assume that when in the specifications they used the words "the best quality of refined lake asphaltum," they meant asphalt from the Asphaltum lake in the island of Trinidad.

At first view we might say that that was a substantial compliance with the petition, but when we take judicial notice of the fact that there is an Asphaltum lake in the island of Trinidad, we must also take notice of that which is equally well known, that there is an overflow from that lake which spreads asphalt over the adjacent land, which fact is also recognized in the plans and specifications, because these words are inserted "distinctly excepting land or overflow asphaltum," so that it would appear that there are at least two kinds of Trinidad asphalt, the asphalt direct from the lake and overflow or land asphalt.

I do not know that the fact is so well known as to be common knowledge which the court would take judicial notice of, that

there are some persons or companies that have the control of the asphalt from the Asphaltum lake, while there are others that procure the land or overflow asphalt; but at least it can be readily assumed that these two kinds of asphalt may come into competition with each other, and that when the requirement is merely for Trinidad asphalt, there are greater chances for competition and reduction in the prices of the material to be used than when the ordinance or specification limits the asphalt to that taken from a particular spot or place.

Under the one there may be competition, limited it is true, but still competition, which tends to reduce the price; while under the other there is none.

The common council had no jurisdiction to pass an ordinance or adopt specifications substantially varying from the petition, and having done so they are illegal and void, and furnish no legal foundation for the subsequent proceedings.

The judgment appealed from must, therefore, be affirmed, with costs.

All concurred, except LANDON, J., not acting.

Judgment affirmed, with costs.