(27 Misc. Rep. 51.)

SCHULZ et al. v. CITY OF ALBANY.

(Supreme Court, Special Term, Albany County. March, 1899.)

1. CONSTRUCTION OF SEWER—INJUNCTION—COMPLAINT—SUFFICIENCY.
A complaint in an action to restrain a city from constructing a sewer in front of plaintiff's lots, on the alleged ground that the ordinance providing therefor was invalid, and alleging that they are liable to be assessed therefor, is insufficient, because it shows on its face that plaintiff had adequate remedies at law.

2. SAME—SUFFICIENCY—HOW TESTED.
Where the complaint in an action for injunction fails to state facts showing that plaintiff has no adequate remedy at law, advantage may be taken thereof by demurrer.

3. EJECTMENT—DEFENSE.
The illegality of an assessment for a street improvement is a good defense to ejectment brought by a purchaser at a sale for the nonpayment thereof.

4. STREET IMPROVEMENTS—ILLEGAL ASSESSMENT—RECOVERY.
An action may be maintained to recover back an illegal assessment for a street improvement, paid under protest.

5. ILLEGAL ORDINANCE—ENFORCEMENT—RIGHT TO ENJOIN.
The enforcement of an alleged illegal ordinance cannot be restrained until its illegality has been determined in an action at law.

Action by John Schulz and others against the city of Albany. On demurrer to the answer. Demurrer overruled.

Barnwell Rhett Heyward, for plaintiffs.
John A. Delehanty, Corp. Counsel, for defendant.

CHESTER, J. The plaintiffs have interposed a demurrer to that part of the defense consisting of new matter contained in the answer, on the ground that the same is insufficient in law upon the face thereof. The action is brought for the purpose of restraining the defendant from constructing a drain or sewer under the west sidewalk of Clare avenue, in the city of Albany, in front of lots owned by the plaintiffs, and for the expense of which they allege they are liable to be assessed. The ground of the action is the alleged invalidity of the ordinance passed by the common council authorizing the construction of the sewer. The defendant insists that the complaint does not state facts sufficient to constitute a cause of action, and that the demurrer, for that reason, should be overruled. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. There is an entire absence in the complaint of any allegation bringing the cause of action under any of the recognized heads of equity jurisdiction. There is, for instance, no allegation of facts showing that the plaintiffs have no adequate remedy at law. If they have such a remedy, equity will not interfere, but will leave them to their legal remedy. Dill. Mun. Corp. (4th Ed.) §§ 906, 922. Advantage of this may be taken by demurrer for insufficiency. Abb. Tr. Brief Pl. §§ 110, 111; Allerton v. Belden, 49 N. Y. 378, and cases cited. From the facts alleged in this complaint, it can be seen that, under the law, the plaintiffs have at least three adequate remedies at law for relief against an illegal assessment made pursuant to an invalid ordinance authorizing the construction of a sewer adjacent to their lands: (1) They can defend an ejectment suit brought by a purchaser of their property at a sale for the nonpayment of the illegal assessment. Stebbins v. Kay, 123 N. Y. 31, 25 N. E. 207. (2) They can pay the assessment under protest, and then maintain an action against the city to recover back the amount thus paid. Bruecher v. Village of Port Chester, 101 N. Y. 240, 4 N. E. 272. (3) They can test the legality of the assessment in the special proceeding authorized by the charter to vacate assessments. Charter, tit. 11, §§ 2, 3 (Laws 1883, c. 298, as amended by Laws 1887, c. 242, § 11). The courts in this state have denied the right to maintain an action to restrain the enforcement of an alleged illegal ordinance by a municipality until after the illegality has first been determined in an action at law. Marvin Safe Co. v. Mayor, etc., of City of New York, 38 Hun, 146; Coykendall v. Hood, 36 App. Div. 558, 55 N. Y. Supp. 718; West v. Mayor, etc., 10 Paige, 539. The same principle has been applied with respect to an alleged illegal statute. Wallack v. Society, 67 N. Y. 23. Applying these principles to this case, I conclude that the complaint fails to state a cause of action. If I am right in this conclusion, it is unnecessary for me to determine the question presented with reference to the sufficiency of the defense consisting of new matter contained in the answer. The demurrer is overruled, with costs.

Demurrer overruled, with costs.