(42 App. Div. 437.)

### SHULZ et al. v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

1. MUNICIPAL CORPORATIONS—INJUNCTION AGAINST CONSTRUCTION OF SEWER —PLEADING.

A complaint asking that a city be restrained from further proceeding in the construction of a sewer, and averring that plaintiffs are the owners of lots in front of which the sewer is being constructed, but not charging that their real estate is being invaded, or that they are in any way injured by the work complained of, except that as such owners they are liable to

be assessed for the expense of constructing the sewer, does not state facts constituting a cause of action.

2. SAME—INTERFERENCE OF EQUITY.

Where ample remedies at law exist for relief against an illegal assessment, and its legality can be tested by a special proceeding under the city charter, equity will not arrest the construction of the improvement, though it is claimed to be unwarranted.

Appeal from special term.

Action by John Shulz, William Glaser, Caroline Glaser, and Nicholas Dietrich against the city of Albany to perpetually restrain any further proceedings in the construction of a sewer. From a judgment overruling a demurrer to one of the defenses set forth in the answer (57 N. Y. Supp. 963), plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Barnwell Rhett Heyward, for appellants.
John A. Delehanty, for respondent.

PER CURIAM. The plaintiffs having demurred to the second defense set up in the answer, the defendant responds by claiming that the complaint is defective, in that it does not state facts sufficient to constitute a cause of action. The trial judge so held, and therefore ordered judgment overruling the plaintiffs' demurrer, with costs; and from the judgment entered thereon this appeal is taken.

The defendant is proceeding to construct a sewer through Clare avenue, in that city, in front of the plaintiffs' lands. The plaintiffs claim that the ordinance of the common council ordering such sewer, and the proceedings under which it is being constructed, are illegal and void; and this action is brought to perpetually restrain the city from taking any further proceedings for the prosecution of such work. Although the plaintiffs aver that they are the owners of lots upon such avenue, and in front of which the sewer is being constructed, they do not charge that their real estate is being invaded, or that they are in any way being injured by the work complained of, except that as such owners they are liable to be assessed for the expense of constructing the sewer. The injury which they apprehend is evidently no more than an assessment levied under those provisions of the city's charter which authorize and regulate the construction of sewers; and it is for the purpose of avoiding such assessment, only, that the perpetual injunction is asked. We are of the opinion that the judge at special term was correct in holding that, upon the facts averred in the complaint, such relief was not warranted. Ample remedies at law exist for relief against an illegal assessment for the construction of a sewer. Stebbins v. Kay, 123 N. Y. 31, 25 N. E. 207; May v. Traphagen, 139 N. Y. 478, 481, 34 N. E. 1064; Bruecher v. Village of Port Chester, 101 N. Y. 240, 4 N. E. 272; Bowns v. May, 120 N. Y. 357, 365, 24 N. E. 947. And particularly could the legality of the assessment be tested by the special proceeding provided for by the city charter. Charter, tit. 11. Under such conditions, equity will not interfere to arrest the execution of public work, even though it is claimed to be unwarranted. Dill. Mun. Corp. §§ 906–922. No

other right of action is claimed or set forth in the complaint, and therefore the judgment should be affirmed.

Judgment affirmed, with costs.

MERWIN, J., concurs in result.