In the Matter of the Application of ELI SOBOL and Others, Petitioners, against THE COMMON COUNCIL and the BOARD OF ESTIMATE AND CONTRACT OF THE CITY OF ROME, NEW YORK, Respondents.

Fourth Department, June 30, 1931.

*Searle & Searle,* for the petitioners.

*Francis J. Lawler, Corporation Counsel,* for the respondents.

EDGCOMB, J.   In 1928 the city of Rome, N. Y., attempted to widen West Dominick street between George and Madison streets, and to pave the added portion of the highway.   Proceedings looking to that end were instituted, and as a result this improvement has been made, one-half of the cost of which has been levied and assessed against the owners of the adjoining lands, among whom are the petitioners.   Claiming that the requirements of the city charter were not complied with in the making of this improvement and in the assessment of the tax, petitioners seek to review, in this certiorari proceeding, the action of the common council and the board of estimate and contract, and to have it declared that said tax is void and of no effect.

The city has no power to levy an assessment for local improvements unless such authority is expressly conferred upon it by the Legislature.   (*Stebbins* v. *Kay*, 123 N. Y. 31; *People ex rel. O'Reilly* v. *Common Council*, 189 id. 66, 74.)

A statute which prescribes the manner and mode in which such power shall be exercised is mandatory, and must be followed in all cases where the provisions are intended for the protection of the taxpayer.   Unless that is done the tax is invalid.   (*Stebbins* v. *Kay*, 123 N. Y. 31; *People ex rel. O'Reilly* v. *Common Council*, 189 id. 66; *French* v. *Edwards*, 13 Wall. 506; *Lyon* v. *Alley*, 130 U. S. 177, 185; *Clark* v. *Crane*, 5 Mich. 151.)

The charter of the city of Rome (Laws of 1921, chap. 679) prescribes in detail the method of making local improvements and the conditions under which the expense may be assessed against the abutting property owners.   The city authorities failed to comply with many of the statutory requirements.   It is unnecessary to call attention to all of the errors in the proceedings.   A few of the outstanding ones will suffice

Section 310 of the city charter provides as follows: " Prior to the passage of any ordinance or resolution providing for the paving or improvement of any street or portion of any street, except sidewalks, the board of estimate and contract shall cause to be published * * * a notice * * * that at a time and place to be therein specified it will meet to make a determination in respect thereto; such notice shall contain a brief description of the character, location and extent of the proposed improvement.   Any person interested shall be entitled to be heard at such meeting.   If before such a meeting a protest against the improvement, in writing, signed by the owners of a majority of the lineal feet frontage upon the street, section of a street, public square or square proposed to be improved * * * be filed with said board, it shall not decide in favor of the proposed improvement nor shall it again consider the same within one year."

This requirement was designed for the protection and benefit of the taxpayer, and must be fairly and reasonably complied with, or else the entire proceeding is void. The court cannot substitute its judgment for that of the Legislature. " That which the Legislature has directed, courts cannot declare immaterial." (*Merritt* v. *Village of Portchester*, 71 N. Y. 309, 312.

The lawmaking body intended that a property owner who was affected by the proposed change should be given full information of the character, location and extent thereof, before the meeting of the board of estimate and contract, so that he would be able to make up his mind whether he wanted to object to the improvement. If one was compelled to wait until the meeting for such information, he would not have sufficient time to prepare his protest, or to consult with his neighbors as to what was best to be done. The statute provides for the filing of a protest before the meeting. That could not well be done unless the property owner knew the nature and extent of the proposed improvement. An objection by the owners of a majority of the lineal feet frontage affected would end the matter. A protest by a minority might induce the city authorities to abandon the project. The right to protest was given to the taxpayer for his benefit, and cannot be taken from him or unreasonably curtailed. The Legislature intended to put in the possession of all persons affected by the proposed improvement information concerning the same at least two weeks before any action by the board of estimate and contract.

Petitioners challenge the sufficiency of the notice which was given in the instant case in that it failed to give a brief description of the character and extent of the proposed improvement.

Included in the notice are proposed improvements on some twenty different streets. All the information concerning the particular improvement involved in this proceeding is contained in the following sentence: " West Dominick Street, North George Street to Madison Street (widen)." Interested parties were given no idea of the extent of the widening, nor whether the required property was to be taken off the north or south side of the highway. Nothing whatever was said about paving.

It is apparent that this notice did not comply with the requirements of the charter. The departure from the specified procedure cannot be overlooked, and in our opinion makes the entire proceeding void.

The board of estimate and contract adopted a resolution determining that West Dominick street " should be improved by paving the same with such kind of material as may be determined." But we fail to find any determination by that board that the street

should be widened. This, we think, was absolutely essential under the provisions of the charter. Proceedings which result in the assessment of a tax against real property must show formal action by the required body or official, and cannot rest for their validity on a hit or miss procedure, from which such determination can be assumed or taken for granted.

Section 310 of the charter provides that if the board of estimate and contract shall determine that an improvement ought to be made, it shall present to the common council a plan and accurate specification of the same. The council must then either approve or reject the recommendation. If the action of that body is favorable, the council is required to adopt a resolution authorizing the board of estimate and contract to cause the improvement to be made, and the city clerk is required to return to said board a copy of such resolution certified by him, and the same is required to be entered in the minutes of the board.

After the determination of the board of estimate and contract to improve the street by paving, a plan and estimated cost, in attempted compliance with the provisions of the charter, was submitted to the common council. The council adopted a resolution approving " the action of the Board of Estimate and Contract approving plans, specifications and estimates for improvement by repaving pavement and widening streets." It failed, however, to authorize the board of estimate and contract to cause such improvement to be made. The action which was subsequently taken by that board was without any direct authorization of the council. Failure to comply with the provisions of the charter in this regard renders the tax void.

It is unnecessary to discuss in detail the other objections raised to the proceedings. Enough has been said to show that the requirements of the statute have not been complied with, and that the tax is accordingly illegal and void. The proceedings of the board of estimate and contract were not conducted with any great formality. That is not necessary; but more care should be taken in drawing resolutions to make them accomplish what was intended to be achieved.

One other claim of the petitioners should receive attention. It is urged that the paving included in this improvement was a resurfacing of the street, and should be raised by a general tax rather than be assessed against the property owners. Section 312 of the charter provides that " the cost of repaving or resurfacing any street or road that shall have been previously paved shall be borne by that portion of the city of Rome within the corporation tax

district, and the amount thereof shall be raised by a general tax as provided in this act."

West Dominick street for the original width was paved at the expense of the adjacent owners several years ago. In connection with the present improvement, the street has been widened approximately eight feet on the south side and fourteen feet on the north. The paved portion of the street has not been disturbed. The only pavement laid was on these two added strips.

We are referred to no case decisive of the question whether this is a repaving of the street, or an original paving of the widened portion of the highway. We think that it must be considered an original paving and not a resurfacing. If so, the section of the charter above quoted does not apply

An order should be granted annulling the action of the defendants in assessing a tax for the cost of widening and paving West Dominick street against the petitioners, and vacating and setting aside said tax, together with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

Order of certiorari sustained, determination of the assessors annulled and assessment vacated and set aside, with fifty dollars costs and disbursements to the petitioners.