OPINION OF THE COURT
Nicholas Colabella, J.
In a proceeding pursuant to CPLR article 78, petitioner seeks to annul (1) resolutions authorizing phase II of an industrial access road under Town Law § 200 and (2) a special assessment for the road for the 1988 tax year.
BACKGROUND
In 1974, the Town Board of Monroe (hereafter Board) approved construction of phase I of an access road to a proposed industrial park. The construction was financed pursuant to the Highway Law as a town charge.
On June 3, 1985, the Board adopted a resolution stating its intent to construct phase II of the access road. Construction was to be financed pursuant to Town Law § 200 by special assessments charged to properties deemed benefited by the construction. Petitioner’s property was listed as one of the benefited properties. Final approval was subject to a public hearing held July 1, 1985, at which petitioner appeared.
On August 5, 1985, the Board determined that it was in the public interest to proceed with phase II, as set forth in the June 3, 1985 resolution subject to a permissive referendum under Town Law § 200 (10).
On September 9, 1985, the Town Clerk certified that a petition requesting a permissive referendum had not been filed.
On May 5, 1986, the Board adopted a resolution, reciting petitioner’s property as being among the lands deemed benefited by phase II and determining a tentative special assessment roll for 1987 based on construction of 1,000 feet of road. Petitioner appeared at a public hearing on the tentative special assessment roll on June 9, 1986, and filed a written objection to the 1987 special assessment. A further hearing was held September 15, 1986.
*72 On December 8, 1986, the Board adopted a resolution to amend the town’s 1987 annual budget by deleting the $21,000 appropriated for the access road.
Also, in or about December 1986, the Board adopted a resolution amending the June 3 and August 5, 1985 resolutions to the extent that it increased the initial construction along the phase II corridor to 2,000 feet.
On or about December 22, 1986, the Board adopted a resolution approving the issuance of bonds to raise funds for the construction of phase II. The resolution reiterated that properties previously determined to be benefited by the construction, including petitioner’s, would be assessed for the cost.
On April 3, 1987, the Board received bids for the construction. The 2,000 feet of road was substantially complete as of November 1987.
PHASE II: APPROVAL
Petitioner argues that the approval of phase II was improper because the construction did not constitute a street improvement under Town Law § 200, but a new road which could only be built pursuant to Highway Law article 8.
Town Law § 200 (1) states in relevant part: "The owners of real estate fronting or abutting upon either side of a street or highway or private road or right of way used for access to said premises or to a portion thereof to the extent of at least one-half of the entire frontage or bounds on both sides of said street or highway or private road or right of way or portion thereof, may petition the town board or the town board on its own motion may adopt a resolution to improve said street or highway, private road or right of way or portion thereof, by the construction of sidewalks, curbs, gutters, culverts, and other necessary improvements in connection therewith, or by construction and paving of such street or highway or private road, or right of way or portion thereof’. (Emphasis added.)
Phase II did not constitute a street improvement under Town Law § 200 (1) since it was not an improvement of an existing street (see, 9 Opns St Comp, 1953, at 227). Prior to the adoption of the June 3, 1985 resolution, the area designated as phase II consisted entirely of a paper road traversing property described as the "Eugene Smith Farm” as shown on a right-of-way taking map and preliminary design study by Raimondi Associates, P. C. in July 1985. Nor can phase II be considered *73 an improvement of phase I. The two segments were separate and discrete, albeit adjoining. The opening and construction of phase II as a new road should have been authorized pursuant to Highway Law article 8 as had been the opening of phase I.
Respondents notably never address the alleged impropriety of using Town Law § 200 for phase II on the merits. Their only defense is loches.
Before a party may be barred from proceeding because of loches, it must appear that they delayed in taking some action in a matter and that such delay accrued to their adversary’s detriment or prejudice (Bloom, v Town Bd., 88 AD2d 895). Here, petitioner had actual notice of the Board’s intent to construct phase II of the access road and to finance it as a special assessment against petitioner’s property since the adoption of the June 3 and August 5, 1985 resolutions. Same became effective September 9, 1985 in the absence of a petition for a referendum and were ripe for judicial review at that time.
While the Board could expect that future assessments might be challenged as to the amount or the method of valuation, the town was entitled to rely on the validity of the June 3 and August 5, 1985 resolutions in the absence of a judicial challenge. Its actual reliance was demonstrated by the issuance of bonds, solicitation of bids and construction of nearly 2,000 feet of road.
Petitioner’s reliance on its filing of a notice of objections to the 1987 special assessment, in lieu of legal recourse, was unreasonable. While the Board eliminated the appropriation for the road from the 1987 budget, and, with it, the need for a special assessment in that year, the Board never rescinded the June 3 and August 5, 1985 resolutions, indicated it considered the use of Town Law article 12 to be inappropriate, or suggested that the planned construction would be discontinued.
Petitioner’s assumption, that phase II had been abandoned in the absence of an assessment, assumed a causal link that did not exist. Town Law § 231 (2) specifically provides for completion of an improvement before the imposition of special assessments: "[T]he town board, upon the completion of the improvement or at any time prior thereto, may determine to issue * * * the obligations of said town in such an amount as said board may estimate to be sufficient to pay the entire cost of the improvement * * *. There shall be annually apportioned and assessed upon the several lots and parcels of land *74 especially benefited by the improvement * * * an amount sufficient to pay the principal and interest of any obligations issued for such improvement as the same shall become due”. (Emphasis added.)
Here, the immediate funds for construction were provided by bonds issued by the town. In accordance with Town Law § 231 (2), the annual special assessment merely provided the means for retiring the principal and interest on those debt obligations estimated to come due.
If petitioner wished to avoid loches, it was incumbent on petitioner to keep advised of the project’s development (cf., Matter of of Eberhart v La Pilar Realty Co., 45 AD2d 679, 680). If petitioner had been alert, it would have observed the work on the road, indicating the expenditure of substantial sums.
It appears incredible that petitioner did not know until November 1987, that the 2,000 feet of road had been nearly completed given that the road came within 1,000 feet of petitioner’s property. Petitioner’s explanation, that it became disinterested because it was informed at the July 1, 1985 hearing that assessment would be on a "front foot” basis, is disingenuous given petitioner’s knowledge that its property had been deemed specially benefited for assessment in the August 5, 1985 and May 5, 1986 resolutions and its objection at the June 9, 1986 hearing to the tentative 1987 special assessment. The comment by the Town Attorney at the July 1, 1985 hearing as to a probable method of valuation in any event was not conclusive on the town. Whatever formula was eventually adopted by the Board would be subject to alteration in future years.
A judicial determination now deeming phase II to be a town highway, as petitioner suggests, would circumvent the rights of the public. Statutes of the type involved here are intended for the protection of the municipalities and the taxpayers (Matter of General Bldg. Contrs. v Board of Trustees, 42 AD2d 660, 661). Had phase II been designated a town highway initially, a different procedure would have been followed: "An annual budgetary process is dictated, commencing with the submission of the Highway Superintendent’s estimate of expenditures (Highway Law § 141; Town Law § 104) and proceeding with an allocation of highway funds in the preliminary Town budget, subject to legal limitations thereon. * * * The manner of collecting (Town Law § 115) and expending (High *75 way Law §§ 284, 285) funds for road improvements and repairs is similarly regulated.” (Albany Area Bldrs. Assn. v Town of Guilderland, 141 AD2d 293, 300.)
The court cannot assume that the public would have acquiesced in constructing the access road, if financed as a town charge, in the absence of a proceeding under the Highway Law when the notices for the various hearings on phase II repeatedly stated the cost would be borne by the properties deemed especially benefited.
Nor can the matter be remanded for a de nova proceeding under the Highway Law with respect to the 2,000 feet of road already constructed. The debts incurred for the construction must be satisfied: The December 22, 1986 resolution approving the issuance of bonds irrevocably pledged "the faith and credit of the Town * * * to the punctual payment of the principal and any interest”. Had petitioner acted expeditiously, the construction and the issuance of bonds could have been stayed until petitioner’s claims were determined (see, e.g., Matter of Friends of Pine Bush v Planning Bd., 86 AD2d 246, 247-248; Matter of General Bldg. Contrs. v Board of Trustees, 42 AD2d 660, supra). Consequently, the court finds the defense of loches is applicable with respect to the approval of the construction that has taken place.
It would be inequitable, however, not to remand as to that portion of phase II which has yet to be constructed. According to the June 3, 1985 resolution, the total length of phase II encompasses approximately 12,500 feet. The town will incur no prejudice at this time by having to commence proceedings to authorize future construction of phase II under Highway Law article 8.
Petitioner’s other claims regarding the authorization of an additional 1,000 feet in December 1986 are without merit:
(1) The enlargement did not require a separate proceeding under Town Law article 12 since it was still within the boundaries of phase II. Phase II was approved in its entirety in the August 5, 1985 resolution. The amendment of the August 5, 1985 resolution, extending the initial construction from 1,000 to 2,000 feet, merely accelerated the schedule for the approved construction.
(2) A separate SEQRA review was not necessary. The negative declaration in the December 1986 resolution only reiterated the town’s earlier determination in stating "this Board’s determination of August 5, 1985, remains that the actual *76 development of approximately 2,000’ of said road will not have a significant effect upon the environment” (emphasis added). The negative declaration in the August 5, 1985 resolution apparently encompassed phase II as a whole in referring to "the subject proposal.”
(3) Petitioner has failed to allege a single environmental impact that was overlooked by the Board in reviewing the environmental assessment form and determining significance. Conclusory assertions alone are insufficient to establish that the town’s determination was arbitrary and capricious or unsupported by substantial evidence (Aldrich v Pattison, 107 AD2d 258, 270).
Petitioner also contends that an authorization to construct underground utilities was improper in that it did not involve an improvement necessary to the road as required by Town Law § 200 (1). This claim is not germane to the approval of phase II, but pertains to the propriety of including utilities as part of the plans and specifications for phase II.
That issue is subject to the loches analysis discussed above. The plans and specifications which included utilities were a matter of public record on file with the Town Clerk and notice to that effect was given in the notice to bidders published March 4, 5, 6, 1987. The appropriate time to challenge the inclusion of items in those plans and specifications was prior to the commencement of construction.
PHASE II: 1988 ASSESSMENT
Respondents have failed to establish their claim that a special assessment roll for the access road was affirmed at the Board’s November 16, 1987 meeting. Despite the court’s request, a certified copy has not been provided and the November 16, 1987 session minutes merely recite passage of the 1988 budget.
Respondents have also failed to demonstrate that the Board afforded adequate notice to petitioner prior to the purported adoption of the special assessment roll. The published notice of the public hearing did not inform the public that special assessments for the road would be considered at the hearing: The reference in the notice to "special districts” was inaccurate, if meant to apply to the access road, as it was never declared a special district and road improvements are not included within the definition of "improvement district” contained in Town Law §§ 190 and 198. The line item reference to *77 the road in the proposed budget described an appropriation, not an assessment. Finally, the amount of time between publication of the notice — October 28, 1987 — and the date of the hearing — November 5, 1987 — was less than the 10 days required by Town Law § 239.
The failure to comply with material statutory formalities renders the 1988 assessment void (Remsen v Wheeler, 105 NY 573; Sheldon v Town of Highlands, 138 AD2d 86, 93; Matter of Sobol v Common Council, 233 App Div 158; see generally, 55 NY Jur, Special Assessments, § 181).
Petitioner’s remaining claims regarding the 1988 assessment are academic.
CONCLUSION
Petition is dismissed insofar as it seeks to annul the approval of phase II under Town Law § 200 as applied to the 2,000 feet of road that has been constructed. Petition is granted to the extent that the approval of future phase II construction is annulled and remanded back to the town for further proceedings in accordance with Highway Law article 8. The special assessment against petitioner’s property for 1988 is declared void.