BACHMANN, EMMERICH & CO., INC., Respondent, *v.* ISRAEL MENDELSON, Appellant.

Supreme Court, Appellate Term, First Department, December, 1922.

**Sales — action for purchase price — Statute of Frauds — oral contract — when retention does not constitute acceptance of goods — erroneous charge.**

It was the legislative intent that the test provided by section 85 of the Personal Property Law for an acceptance under the Statute of Frauds should be exclusive and a mere retention of goods for an unreasonable time after delivery is not sufficient to take an oral contract out of the statute unless such intention is under circumstances which show an actual assent by the buyer to become the owner of the specific goods. The mere retention of goods sold under an oral contract for a period sufficient to constitute an acceptance which would bar the buyer from rejecting the goods for breach of warranty, does not as matter of law constitute such an acceptance as will bar him from pleading the Statute of Frauds as a defense in an action to recover the purchase price.

Where goods sold under an enforcible contract are delivered to the buyer knowledge on his part that the seller intends to pass the property in the goods to him will be presumed and he has the right to reject the goods only if upon inspection made within a reasonable time cause for rejection is disclosed; consequently, if the buyer fails to give notice within a reasonable time of his rejection of the goods, he may be deemed to have accepted them.

Where, however, goods are delivered and the person receiving them has not made any enforcible contract of purchase, conduct on his part which consists merely in failing to reject the goods cannot be considered an assent on his part to become the owner thereof unless they are received in circumstances which place the recipient under some duty to give notice of rejection, if he is not the owner of the goods.

The acceptance sufficient to take a contract for goods sold and delivered out of the Statute of Frauds should at least be some evidence that some contract had been made, and the mere retention of goods for a month after delivery cannot take the place of the evidence of the contract which the statute would otherwise require.

In an action to recover the purchase price of goods sold and delivered under an oral contract, the answer besides a general denial pleaded the Statute of Frauds as an affirmative defense. While the jury were charged in effect that the contract even if made was not enforcible unless the defendant accepted the goods, the trial justice after reading to the jury section 129 of the Personal Property Law as bearing upon the question of what constitutes an acceptance, charged that if plaintiff's testimony was true and the goods were actually delivered and retained without notice of rejection for twenty-seven days, he would hold as matter of law that defendant had accepted the goods. *Held*, that the charge incorrectly stated the law. Even assuming that plaintiff's evidence was true and the circumstances disclosed would raise merely a question of fact for the jury, the retention of the goods would not constitute conduct which, as matter of law, would show acceptance under the Statute of Frauds.

The charge of the court having been duly excepted to by the defendant, who made a request for a charge which though not in the language of the statute was couched in similar terms, a judgment in favor of plaintiff will be reversed and a new trial ordered.

APPEAL by defendant from a judgment of the City Court of the city of New York, rendered in favor of the plaintiff, and from the order denying defendant's motion for a new trial.

*Bernard Rogers*, for appellant.

*Bondy & Schloss* (*Eugene L. Bondy*, of counsel), for respondent.

LEHMAN, J.   The plaintiff has recovered a judgment for the price of goods which it claims its assignor sold to the defendant under an oral contract of sale.   The defendant denied the making of the contract and set up as an affirmative defense the Statute of Frauds.

It is undisputed that the plaintiff's assignor delivered the goods which are the subject-matter of the action at the defendant's place of business on or about August 25, 1922, but the defendant claims that the goods were not sold to him and that they were rejected shortly after delivery.   The plaintiff claims on the other hand that it received no complaint about the goods nor any offer to return prior to the 21st day of September, 1921.

The trial justice charged the jury in effect that the oral contract even if made was not enforcible unless the defendant accepted the goods, and then stated upon the question of what constitutes an acceptance, " I shall read to you section 129 of the Personal Property Law:  ' The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them.' "

The trial justice also charged the jury that if the plaintiff's testimony was true and the goods were actually delivered on or about August 25, 1921, and were retained without notice of rejection until September 21, 1921, he would hold as a matter of law that defendant had accepted the goods.

It seems to me that the charge incorrectly states the law.   The Personal Property Law contains two sections in regard to what constitutes an acceptance.   Section 85, known as the Statute of Frauds, provides:  " There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."   We may assume that the legislature intended in providing a test for an acceptance under the Statute of Frauds that this test should be exclusive, and the mere retention of goods for an unreasonable time is not sufficient to take an oral contract out of the Statute of Frauds,

unless such retention is under circumstances which show an actual assent by the buyer to becoming the owner of the specific goods.

A search of the authorities has not disclosed any case arising under the New York statute in which the court has held that a mere retention of the goods for a period sufficient to constitute an acceptance which would bar the buyer from rejecting the goods for breach of warranty, would as a matter of law constitute an acceptance which would bar the defendant from raising the defense of the Statute of Frauds, though there are a number of cases in this and other jurisdictions in which retention of goods without rejection for a long period has been held to constitute evidence which under the surrounding circumstances took an alleged contract of sale out of the statute.

It may be that the trial justice was correct in holding that retention of goods for twenty-seven days would as a matter of law constitute an acceptance under section 129 of the statute, though it is unnecessary to express any opinion on that point.

A buyer of goods under an enforcible contract must be presumed to know that when goods are delivered under this contract, the seller intends to pass the property in the goods to the buyer, and that the buyer has the right to reject the goods only if upon an examination made within a reasonable time cause for such rejection is disclosed; consequently, a buyer who fails to give notice within a reasonable time that he has rejected the goods may logically be deemed to have accepted them. On the other hand, where goods are delivered and the person who receives them has not made any enforcible contract for their purchase, conduct on his part which consists merely in failing to reject the goods cannot be considered an assent to becoming the owner of those specific goods unless the goods are received under circumstances which place the recipient under some duty to give notice of rejection if he is not the owner of the goods. The acceptance which is sufficient to take a contract out of the Statute of Frauds should at least be some evidence that some contract had been made between the parties, and the mere retention of goods for a month after delivery cannot take the place of the evidence of the contract which the statute would otherwise require.

In the present case there is evidence that the parties had previous dealings together, and if the defendant had knowledge and can be charged with notice that goods were received from the plaintiff's assignor addressed to him, the jury might perhaps infer that from the general course of business between the parties the defendant must have understood that the plaintiff's assignor intended by such delivery to transfer the property in the goods to the defendant,

and if the defendant in spite of his previous relations to the plaintiff's assignor remains silent and puts the goods in stock or kept them in reserve or even in his receiving room, the jury might have inferred from his conduct that he assented to becoming the owner of the goods. But at best even though the plaintiff's evidence be entirely true, the circumstances would raise merely a question of fact for the jury, and the retention of the goods would not constitute conduct which would as a matter of law show acceptance under the Statute of Frauds.

The defendant properly raised this objection both by exception to the judge's charge and by a request for a charge which, though not in the same language as the statute, was couched in similar terms.

Judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

McAvoy and Wagner, JJ., concur.

Judgment reversed.