CHARLES STRACHMAN, Respondent, *v.* MORRIS LEVY, Appellant.

Supreme Court, Appellate Term, First Department, December 15, 1924.

**Sales — action for purchase price of goods — defense of Statute of Frauds — goods were rejected by buyer fifteen days after delivery — instructions — error to charge that retention for unreasonable length ·of time amounts to acceptance taking case out of Statute of Frauds — Personal Property Law, § 85, requires acceptance by word or conduct.**

In an action to recover the purchase price of goods sold under an oral contract in which it appears that the goods were delivered but were rejected fifteen days after delivery, it is error for the court to charge in reference to the defense of the Statute of Frauds, that under section 129 of the Personal Property Law the retention of goods for an unreasonable length of time amounts to acceptance, for that section applies only where there is an enforcible contract. Where the

Statute of Frauds is involved the seller must, under section 85 of the Personal Property Law, show actual assent by the buyer, by words or conduct, to become the owner of the goods. The retention of goods for an unreasonable length of time does not necessarily establish acceptance.

APPEAL by the defendant from a judgment of the City Court of the City of New York in favor of the plaintiff for the sum of $833.72.

*Samuel M. Rivelson,* for the appellant.

*Reit & Kaminsky* [*Hyman J. Reit* of counsel], for the respondent.

LEVY, J.:

This action was brought by the plaintiff to recover the sum of $699.51, the purchase price of three rolls of Bolivia cloth alleged to have been sold and delivered to the defendant. The delivery and the receipt of the merchandise were conceded to have occurred on October 24, 1923, at defendant's place of business. Plaintiff admitted that the three pieces in question were tendered by the defendant to him for return on November 8, 1923, and that he refused at that time to take them back. The plaintiff relied on an oral contract. No note or memorandum was subscribed by the party to be charged, nor was there any part payment. The defendant resisted the claim of the plaintiff on the ground that he did not enter into such a contract, and that the Statute of Frauds was a bar to any recovery. Plaintiff attempts to meet this by asserting that the retention of the goods by the defendant for an unreasonable length of time without the giving of notice of rejection constituted an acceptance sufficient to obviate the statute and that the question of what was a reasonable time was one of fact for the jury to determine, which ultimately resolved it in favor of the plaintiff. Defendant urges, however, that the verdict was thus rendered as a result of an erroneous charge by the trial court who instructed the jury as follows: " (1) Under our Sales Act of the Personal Property Law, the Statute reads: ' The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them.' " And further: " (2) If you find, on the other hand, that he never served any notice, that he simply kept them in his custody for fifteen days without serving notice and without the plaintiff having agreed to call for them, and by doing that the length of time between October the 24th and November

the 8th — when this merchandise was returned — was more than a reasonable time in which to return it, then he can be held responsible for the price."

Under the charge, if the jury found that the retention of the goods by the defendant from October twenty-fourth to November eighth was an unreasonable length of time, it was compelled to conclude that the defendant accepted the goods, and thus the transaction did not come within the Statute of Frauds. This is not the law, and the trial court obviously was led into error by an unwitting confusion of sections 129 and 85 of the Personal Property Law, each of which applies to distinct sets of circumstances. The *former* contains the test applicable to the question of acceptance when the controversy centers around an *enforcible* contract (*Bachmann, Emmerich & Co.* v. *Mendelson*, 120 Misc. 52), which was not the case at bar. In the event of an unenforcible contract, the test is found in subdivision 3 of section 85, which reads: " There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

It would thus appear that the mere retention of the goods for an unreasonable time is not sufficient to take an oral contract out of the Statute of Frauds. There must be more. The retention must be under such circumstances which indicate an actual assent by the buyer to becoming the owner of the specific goods.

If the action was predicated on an *enforcible* contract as to the making of which no dispute arose, the proper test of what constituted acceptance would be found in section 129 of the Personal Property Law. There, unquestionably, the retention of the goods for an unreasonable length of time would clearly evidence an acceptance.

However, where the action, as here, proceeds on an *unenforcible* contract, the same being oral, it becomes incumbent on the plaintiff to prove either that there was some memorandum in writing, or that there was part payment of the purchase price, or that there was an assent, indicated by word or conduct, on the part of the purchaser to becoming the owner of the goods. In this case the plaintiff must prove more than a mere retention of the goods. He must prove that there was an acceptance within the meaning of section 85 of the Personal Property Law, commonly referred to as the Statute of Frauds, which lays down the test herein discussed and appropriate to these considerations. Therefore, the trial court's charge predicated as it was on secetion 129 of the Personal Property Law was false to the cause and constituted reversible

error.  This must be so, as the issue quite apparently was submitted to the jury on an erroneous theory.  (*Daly* v. *Margolies,* 169 N. Y. Supp. 448; *Swift* v. *Poole,* 172 App. Div. 10; *Engler* v. *Richardson,* 133 id. 419.)  The court in effect charged the jury that the retention of the goods between October twenty-fourth and November eighth, when the merchandise was offered for return, was equivalent to an acceptance, if such retention was for an unreasonable length of time.  Such is not the law.  (*Bachmann, Emmerich & Co.* v. *Mendelson, supra.*)

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.