## MARILYN SHOE CO. v. MARTIN'S SHOE STORE, Inc.

Court of Appeals of Kentucky.

Nov. 21, 1952.

Troy D. Savage, Lexington, for appellant.

William B. Gess, Jack F. Mattingly, Lexington, for appellee.

WADDILL, Commissioner.

The appellant, Marilyn Shoe Company, a manufacturer of women's shoes, brought suit against appellee, Martin's Shoe Store, for the price of 200 pairs of shoes allegedly purchased by appellee under an oral sales contract. The court gave a peremptory instruction and judgment for defendant dismissing appellant's complaint.

The issues raised on appeal are whether there was an acceptance of the goods so as to take this contract from under the provisions of KRS 361.040, our statute of frauds, and also whether this contract is taken out of the statute of frauds by reason of the fact that the goods were manufactured especially for the defendant. Appellant contends that it was error to take the case from the jury.

On February 28, 1950, a traveling salesman for appellant procured an oral order from an employee of appellee for 200 pairs of women's shoes. The salesman filled in order forms which were not signed by any agent of appellee. The value of the shoes was in excess of $500. There was no deposit or payment of anything of value to bind the bargain. There was no confirmation of the order by either party. It appears that a shipment of 140 pairs of shoes was re-received by appellee on April 13, 1950; 14 pairs on April 14; 20 pairs on April 22; and 26 pairs on May 3. On May 4, 174 pairs of these shoes were returned to appellant to its factory in Wisconsin and the appellee returned the remaining 26 pairs on May 6, 1950. These facts are not controverted.

Appellant claims that the jury should have been permitted to decide whether or not there was an acceptance of the shoes by the appellee so as to make the statute of frauds inapplicable. This was clearly a question of law for the court to decide.

KRS 361.040, our statute of frauds follows:

"(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

We feel that appellee did not assent to becoming owner of the shoes either by words or conduct. He did no affirmative act to manifest his acceptance of the goods. The acceptance required by the statute of frauds is to be distinguished from the acceptance for purposes of general sales law. See 37 C.J.S., Frauds, Statute of, § 148, p. 635. Retention of the goods for an unreasonable length of time does not necessarily constitute an acceptance under the statute of frauds unless such retention is under circumstances which show an actual assent by the buyer to become the owner of the specific goods. Feldstein v. Rugby Outerwear Co., Sup., 86 N.Y.S.2d 918; Bachmann, Emmerich & Co., Inc., v. Mendelson, 120 Misc. 52, 197 N.Y.S. 672. Ordinarily the question of reasonableness of time is one of fact. In this case, however, we think the rejection of the shoes was sufficiently prompt to have made it timely as a matter of law. The shoes were shipped and received in installments and all the shoes were returned within a very few days of receipt of the last shipment. The shoes were not put on display and only a few boxes were opened for inspection purposes. The court correctly determined that there was no acceptance.

Appellant also claims that the alleged contract was taken out of the statute of frauds because the shoes were manufactured especially for the buyer. We agree with the trial court that the shoes were not manufactured by the seller especially for the buyer and were suitable for sale to others in the ordinary course of the seller's business, within the meaning of KRS 361.-040(2). The shoes were ordered from a sample shoe, and the colors were selected from "swatches" of leather shown by appellant's salesman. The order was placed

according to "stock numbers." The shoes were not made according to any special design, plan, or specification, or any model furnished by the buyer such as the seller did not use in the ordinary course of its business. The fact that the shoes were of the "fad type" is not important since the business of appellant is making shoes of this type.

Judgment affirmed.