SAMUEL RUBIN, Respondent, *v.* ARCHIBALD H. WHAN, Appellant.

Second Department, May 9, 1919.

**Motor vehicles — negligence — injury to pedestrian struck by automobile — prima facie case — appeal — when defendant cannot raise question of plaintiff's failure of proof.**

Upon appeal from a judgment in favor of the plaintiff in an action for personal injuries from being struck by defendant's automobile, in which the plaintiff's testimony made out a *prima facie* case, the defendant, who on a motion for nonsuit did not point out the fact that the plaintiff had failed to prove defendant's ownership of the car and his control over its driver, cannot raise such objection for the first time.

Such an omission in the plaintiff's case should have been pointed out by the defendant in the court below upon his motion to dismiss.

APPEAL by the defendant, Archibald H. Whan, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Kings on the 15th day of November, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*William Dike Reed* [*Charles R. Coulter* with him on the brief], for the appellant.

*George F. Hickey* [*Bernard Breitbart* and *Charles Breitbart* with him on the brief], for the respondent.

PUTNAM, J.:

This is a case of personal injury from being struck by a north-bound automobile near the corner of Fourth avenue and Twenty-seventh street, Manhattan. The amount of the verdict ($2,500) is not questioned and there seems little room for difference as to the negligent operation of the colliding car. But by oversight the plaintiff failed to prove either defendant's ownership or otherwise to connect the defendant with the negligent chauffeur.

The complaint averred that on May 23, 1918, defendant owned an automobile with the license number 19604 N. Y. This was admitted. It further charged that on or about the 23d day of May, 1918, such machine was being driven by defendant or his employees on or along Fourth avenue at or near Twenty-seventh street, and that defendant " reserved to himself the control, supervision and management of the aforesaid automobile." This is admitted also.

The complaint continued:

" 4. That on or about the 23d day of May, 1918, while this plaintiff was upon the public highways and streets on Fourth Avenue, at or near the intersection of 27th Street, in the Borough of Manhattan, City of New York, peacefully and lawfully exercising his rights thereon, the aforesaid automobile came in contact and struck this plaintiff, through no fault on his part, but solely through the carelessness and negligence of the defendant, his agents and servants  *  *  * " (here follow charges of fault).

Each and every allegation of this paragraph of the complaint was denied on information and belief.

The testimony of plaintiff was that when he started to cross he saw no vehicles; when crossing he saw this auto near Twenty-sixth street; that when he was within about five feet from the easterly curb he was knocked down by that car, the right side of the car hitting him and dragging him five or ten feet so that the right front wheel ran over him. By two eye-witnesses, Minnie Jaffe and Samuel Landsman, the plaintiff was confirmed. The auto was described as coming " fast," giving no signal, and the point of hitting plaintiff three feet from the east curb. Clearly this testimony made out a *prima facie* case.

Defendant's counsel moved to dismiss on the ground that " plaintiff has failed to allege or prove a cause of action and has failed to show any negligence on the part of the defendant." After denial of the motion, with an exception, defendant produced a surgeon, who had examined the plaintiff after the accident; but the defense gave no other testimony. As both sides rested, defendant's counsel renewed his motion made at the close of the plaintiff's case, which was denied with an exception. The usual charge followed, in which the jury were told of the issues of negligent operation of the automobile, and regarding contributory fault. The point now made, that plaintiff had not proved defendant's ownership of the car and his control over its driver, is without avail. The motion for a nonsuit specified no such ground.

Such defects in plaintiff's case should be pointed out in the court below, so that plaintiff may supply them if he could do so. (*Adams* v. *Irving Nat. Bank*, 116 N. Y. 606, 614; *Quinlan* v. *Welch*, 141 id. 158; *Crapo* v. *City of Syracuse*, 183 id. 395, 402; *People* v. *Journal Co.*, 213 id. 6.)

In the present case the defect is presumably not of the kind which the plaintiff would be unable to supply, in which case the omission to point it out has been excused. .(*Gerding* v. *Haskin*, 141 N. Y. 514.) Indeed, the answer agreed to the identification of the car by license number and admitted the defendant's general control over the operating chauffeur. Mere proof that the colliding car bore that license number would have sufficed. (*Ferris* v. *Sterling*, 214 N. Y. 249, 253.)

Fair and open practice, therefore, required that such omission to prove the number or ownership of the colliding car should be pointed out when moving to dismiss.

The judgment and order are, therefore, affirmed, with costs.

Present — JENKS, P. J., RICH, PUTNAM, BLACKMAR and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.