GUARANTY TRUST COMPANY OF NEW YORK, Respondent, *v.* GERSETA CORPORATION, Appellant.

First Department, February 20, 1925.

Sales — action to recover purchase price of installment — all installments were not delivered — defense, under Personal Property Law, § 125, that defendant did not have knowledge that all installments would not be delivered and that recovery could be had only for fair value of installments not paid for and that difference between contract price and fair value of all goods paid for and not paid for, should be set off against plaintiff's claim — defense is good.

In an action to recover the purchase price of an installment of goods, in which it appears that the contract provided for weekly deliveries, with a credit of six months, and that all the installments were not delivered as agreed, it is a good defense, under section 125 of the Personal Property Law, that the defendant, at the time he accepted the installment for which he has not paid, had no knowledge that the seller would not complete deliveries, and that, inasmuch as the seller did not complete deliveries, the difference between the contract price and the fair value of the goods received and paid for, and the contract price and the fair value of the installment received and not paid for, should be set off against the amount due on the installment for which the defendant did not pay.

Section 125 of the Personal Property Law applies to a divisible contract.

APPEAL by the defendant, Gerseta Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of March, 1924, striking out from defendant's second amended answer the first and second alleged affirmative defenses and the first and second alleged counterclaims on the ground that the same are and that each of them is insufficient in law on the face thereof, said motion having been granted on the merits after reargument upon defendant's waiver of its objection to plaintiff's motion on the ground of laches under rule 109 of the Rules of Civil Practice.

*Hays, Podell & Shulman* [*Herman Shulman* of counsel; *Mortimer Hays* with him on the brief], for the appellant.

*Franklin H. Mills* [*Frank M. Patterson* with him on the brief], for the respondent.

*Winthrop & Stimson* [*Allen T. Klots* of counsel; *Robert D. Murray* with him on the brief], for Mogi & Co. and Robert D. Murray and Nathaniel S. Corwin, receivers, as *amici curiæ.*

MERRELL, J.:

The defendant entered into a contract with Mogi & Co. May 12, 1919, for the purchase of thirty bales of silk at seven dollars and seven and one-half cents a pound, delivery to be five bales a week, commencing August 15, 1919; terms " on a six months' basis." Mogi & Co. did not commence delivery at the time specified but did make deliveries as follows:  September 4, 1919, three bales; September 20, 1919, two bales; March 30, 1920, ten bales; May 12, 1920, five bales.  In the separate defenses contained in the second amended answer the defendant alleges that on November 10, 1919, Mogi & Co. notified the defendant that it had the balance of the bales ready for delivery, and that it would hold the same and would make delivery thereof when requested by the defendant. In May, 1920, after the delivery of the five bales on May 12, 1920, the defendant alleges that it requested of Mogi & Co. a delivery order for the remaining ten bales by May 25, 1920, in order to deliver them that day to a third party who had purchased them from defendant.  Mogi & Co. did not deliver the ten bales within a reasonable time after May twenty-fifth and by mutual agreement Mogi & Co., after delivering them, took them back again.  Some time after the delivery of the different bales mentioned the defend-•ant paid for fifteen of the bales delivered either in cash or by trade acceptances, but never paid for the five bales delivered May 12, 1920.  Thereafter Mogi & Co. assigned its claim for the purchase

price of the five bales unpaid for to the plaintiff which has commenced this action for the contract price thereof.

The first defense set up by the defendant is that it received installment deliveries on the belief and understanding that the entire number of bales would be delivered and that because of the failure of Mogi & Co. to deliver all the bales Mogi & Co. was only entitled to receive the value of the bales delivered at the time they were delivered and not the contract price; that the value of the five bales delivered May twelfth was only $2,750.82, and that the difference between that and the contract price the defendant was entitled to set off against the plaintiff's claim.

The second defense was that the actual value of the fifteen bales delivered at the different times mentioned was the sum of $8,074.20, and for which defendant had paid plaintiff $14,510.57, resulting in defendant's damage in the sum of $6,436.37, which damages defendant seeks to set off herein against the claim of plaintiff's assignor before the assignment thereof and before notice of said assignment.

These two defenses were stricken out by the Special Term by the order appealed from. No opinion was written. It is possible that the learned court below may have based its decision upon the theory that this being an installment contract, and, having accepted the installments, the defendant was liable for the contract price of the goods delivered.

The defendant claims under this contract, whether it be entire or divisible, to be entitled to the benefit of the statute as enacted in section 125 of the Personal Property Law (as added by Laws of 1911, chap. 571), which reads as follows:

" Delivery of wrong quantity. 1. Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, but if the buyer accepts or retains the goods so delivered, *knowing that the seller is not going to perform the contract in full,* he must pay for them at contract rate. *If, however, the buyer has used or disposed of the goods delivered before he knows that the seller is not going* to perform his contract in full, the buyer shall not be liable for more than the *fair value* to him of the goods so received." (Italics are the writer's.)

The answers stricken out allege that the defendant received the consignment deliveries on the understanding and belief that all the bales were to be delivered, and that it had disposed of the bales delivered before it knew that the seller was not going to perform the contract in full. Professor Williston in his work on Sales (2d ed.) discusses said section of the Personal Property Law, as contained in section 44 of the Uniform Sales Act, and, after expressing

his views on installment contracts, says (at § 460, pp. 1155–1157): " Even if the price of each instalment was payable separately, the buyer should have relief.  It is true that his acceptance of a part indicates an assent to take title to the goods offered, and to pay for them at the contract rate, but this assent was given in the justifiable expectation of receiving an additional quantity of goods.  The buyer may, therefore, on finding out that the contract is not going to be fully performed by the seller, return the goods in his possession and refuse to pay the price, if not already paid, and, if already paid, recover it back.  *  *  *  Here, accordingly, if the seller recovers payment for what he has furnished, it must be on principles of *quasi*-contract.  *  *  *  The buyer, however, may in good faith have dealt with the goods in such a way as to make it impossible for him to return them, and yet the value of the portion received may not be so large a proportion of the total price as the goods are of the total amount of goods which should have been delivered."

There is a question whether the contract is entire or divisible. The goods were to be delivered five bales a week commencing August 15, 1919, so that all the bales would be delivered by October 1, 1919.  The terms of payment were " on a six months' basis," which would mean that no payment would be due until long after all the bales were delivered.  So that while the goods were deliverable in installments, it may very properly be held that no payment was to be made until all installments were delivered.

It is claimed by the respondent that section 125 of the Personal Property Law does not apply to divisible contracts, and yet the language of that section clearly indicates that it was intended to apply to divisible contracts.  If the statute only applied to entire contracts there would be no reason for providing that the buyer might have the benefit of the relief suggested if he did not know that the seller was not going to fully perform the contract.  The delivery by the seller of only a part of an entire contract requirement would of itself be an indication that he *might* not intend to fully perform.  Such a delivery might be notice to the purchaser of such intention.  If a purchaser accepts a partial delivery on an entire contract, he is presumed, in the absence of any statement to the contrary, to know that the seller might intend not to fully perform.  The emphasis on *knowledge* in section 125 indicates that that clause applies peculiarly to installment and divisible contracts.

In view of the interpretation to be given divisible contracts and the rights of the buyer and seller thereunder, it would seem that the seller in this case might very properly be held to be entitled only to the value of the goods delivered.  This would be true

whether the contract was an entire or divisible one on the facts set up by the defendant in its separate defenses. I am, therefore, of the opinion that the defenses stricken out were good and should have been permitted to remain in the answer.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.