KLEIN-MESSNER Co., INC., Appellant, *v.* THE FAIR WAIST & DRESS Co., INC., Respondent.

First Department, June 4, 1926.

Sales — action by seller for purchase price — warehouse receipts for part of goods were delivered and retained by defendant for more than one year — sufficient evidence in plaintiff's case to show that defendant knew that plaintiff intended not to deliver remainder — Personal Property Law, § 125, subd. 1, applies — question raised as to acceptance within Statute of Frauds (Personal Property Law, § 85) — error to dismiss complaint at close of plaintiff's case — appeal — objection that plaintiff is not real party in interest cannot be raised for first time on appeal.

In an action by a seller to recover the purchase price of cloth, it was error for the court to dismiss the complaint at the close of plaintiff's case on the ground that plaintiff had not proved compliance with the contract in that only a part of the order had been delivered, and that the goods delivered were not in accordance with the order, since it appears that the plaintiff, at the request of the defendant, delivered part of the goods to a warehouse, received therefrom non-negotiable warehouse receipts in the defendant's name and delivered the same to the defendant which retained them for more than one year, and that the evidence in the plaintiff's case tends to show that the defendant knew that the plaintiff would not deliver the balance of the goods.

Therefore, subdivision 1 of section 125 of the Personal Property Law which provides that if the buyer accepts or retains the goods delivered, knowing that the seller is not going to perform the contract in full, he must pay for them at contract rate, applies to this case.

Under the circumstances outlined, the complaint should not have been dismissed at the close of plaintiff's case, since the plaintiff raised a question for submission to the jury as to whether the acts of the defendant amounted to an acceptance within the meaning of the Statute of Frauds (Personal Property Law, § 85).

The defendant cannot for the first time on appeal raise the question that the plaintiff is not the real party in interest.

APPEAL by the plaintiff, Klein-Messner Co., Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 28th day of April, 1925, upon the dismissal of the complaint at the close of the plaintiff's case.

*Arthur Garfield Hays* of counsel [*John Schulman* and *Harry J. Leffert* with him on the brief; *Harry J. Leffert,* attorney], for the appellant.

*Henry C. Burnstine* of counsel [*Emanuel J. Freiberg* with him on the brief; *Burnstine & Geist,* attorneys], for the respondent.

FINCH, J. The plaintiff sued for the price of goods alleged to have been sold and delivered to and accepted by the defendant.

The answer denies all the allegations of the complaint, except that the amount involved had been demanded by plaintiff and payment thereof refused by the defendant. At the trial the defendant amended its answer to set up the Statute of Frauds as a defense. At the close of plaintiff's case the defendant moved to dismiss the complaint, upon the ground that the plaintiff had not proved compliance with the contract in that only 7,900 yards had been delivered out of a total order of 10,000 yards and that the color assortment of the goods delivered was not in accordance with the provisions of the order.

The plaintiff showed that on February 14, 1924, the defendant gave plaintiff an order for 10,000 yards of goods according to sample. This order was confirmed in writing by the plaintiff but only orally by the defendant. On March 27, 1924, the plaintiff told the defendant the goods were being held for the defendant's account at plaintiff's place of business, and the defendant was asked to take delivery as plaintiff had no room for the storage of the goods. The defendant was also advised that if defendant did not want the goods, the plaintiff was willing to cancel the order. Instead, the defendant requested the plaintiff to send the goods to a designated storage warehouse. The plaintiff thereupon delivered to this warehouse designated by the defendant 7,900 yards of goods, obtained from the warehouse non-negotiable warehouse receipts in the defendant's name and delivered the same to the defendant, together with invoices showing the yardage and the color assortments. The defendant acknowledged the receipt of the aforesaid warehouse receipts and invoices and retained the same, and produced the warehouse receipts at the trial, more than a year after the delivery of the same to the defendant.

The defendant thus contended that it could keep the goods and avoid payment, and urged what it considered to be two sufficient reasons therefor: *First*, that the plaintiff had not delivered the quantity of the goods called for by the contract, as well as the correct assortment of colors; and *secondly*, non-compliance with the requirements of the Statute of Frauds. In so far as the first objection is concerned, this is answered by subdivision 1 of section 125 of the Personal Property Law (as added by Laws of 1911, chap. 571, known as the Sales of Goods Act), which provides as follows: " Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, but if the buyer accepts or retains the goods so delivered, knowing that the seller is not going to perform the contract in full, he must pay for them at contract rate. If, however, the buyer has used or disposed of the goods delivered before he knows that the seller is not going

to perform his contract in full, the buyer shall not be liable for more than the fair value to him of the goods so received."

Provided, therefore, that there was an acceptance of the goods by the defendant, this objection is thereby obviated. There is sufficient in the record from which knowledge can be imputed to the defendant that the plaintiff did not intend to deliver the full yardage ordered. As was said in *Guaranty Trust Co.* v. *Gerseta Corp.* (212 App. Div. 76, 79) by MERRELL, J.: " If a purchaser accepts a partial delivery on an entire contract, he is presumed, in the absence of any statement to the contrary, to know that the seller might intend not to fully perform." So too in so far as concerns the lack of ordered color assortments, the acceptance of the goods would relegate the defendant to a claim for damages, if any, and would be no defense to an action for the purchase price. In the same way, namely, if there was an acceptance of the goods, the objection urged as to the Statute of Frauds also would be met. An acceptance such as is necessary, however, to satisfy the Statute of Frauds, requires something more than mere retention of the goods. In other words, section 85 of the Personal Property Law (as added by Laws of 1911, chap. 571), familiarly known as the Statute of Frauds, requires that the buyer must either before or after the delivery of the goods express by words or conduct his assent to becoming the owner of the specific goods. In the case at bar there is evidence that the plaintiff asked the defendant to take the goods, in answer to which request the defendant designated the warehouse, received from the plaintiff warehouse receipts and invoices showing the yardage and the color assortments, kept these for a year and had them at the trial, without at any time offering to return them or expressing any dissatisfaction. In the absence of what the defendant's evidence may disclose, it is not possible to determine whether the issue can be disposed of as matter of law or as a question of fact, namely, did the defendant, by words or conduct, assent to becoming the owner of these goods. Since the complaint was dismissed at the close of the plaintiff's case, the plaintiff is entitled to the benefit of the inferences most favorable to the plaintiff of which the facts proved are susceptible. ( *Neville* v. *Morrison Coal & Coke Co.*, 211 App. Div. 282.) At the very least, there was sufficient to submit to the jury as a question of fact whether there had been an acceptance. The case of *Bachmann, Emmerich & Co.* v. *Mendelson* (120 Misc. 52), in which Judge LEHMAN wrote for the Appellate Term (consisting of Judges LEHMAN, McAVOY and WAGNER), is in point. There the distinction between acceptance where there was an enforcible contract and where because of the

Statute of Frauds there was not such a contract, was pointed out, the court holding that while in the former case a retention for twenty-seven days might as matter of law be held to constitute an acceptance, it could not so be held in the latter case, but that a question of fact would be presented for the jury. The court said (at p. 54): " In the present case there is evidence that the parties had previous dealings together, and if the defendant had knowledge and can be charged with notice that goods were received from the plaintiff's assignor addressed to him, the jury might perhaps infer that from the general course of business between the parties the defendant must have understood that the plaintiff's assignor intended by such delivery to transfer the property in the goods to the defendant, and if the defendant in spite of his previous relations to the plaintiff's assignor remains silent and puts the goods in stock or kept them in reserve or even in his receiving room, the jury might have inferred from his conduct that he assented to becoming the owner of the goods. But at best even though the plaintiff's evidence be entirely true, the circumstances would raise merely a question of fact for the jury, and the retention of the goods would not constitute conduct which would as a matter of law show acceptance under the Statute of Frauds."

The defendant also seeks an affirmance of the judgment upon the ground that the invoices introduced in evidence for the goods purchased from the plaintiff showed on their face that " this bill is assigned to and payable in New York Exchange at par only to C. A. Auffmordt & Co., 114–120 East 23rd Street," and hence that the plaintiff is not the real party in interest. At the trial no objection was made by the defendant upon this ground and the question was not in any way raised. The only objections there urged were as already noted, *first,* that the merchandise was of a smaller quantity and of a different color assortment; and, *second,* that the Statute of Frauds was a bar to plaintiff's recovery. Had such objection been raised below, the plaintiff might have been able to meet the objection; hence the defendant is barred from raising this objection now. (*Rubin* v. *Whan,* 188 App. Div. 16. See, also, *Smith* v. *Hall,* 67 N. Y. 48.)

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, MARTIN and WAGNER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.