■ FAIR SKY INCORPORATED, Respondent, v. INTERNATIONAL CABLE RIDE CORPORATION et al., Appellants.— Order, entered on July 30, 1964, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to appellants, and the motion for preliminary injunction denied, with $10 costs. The plaintiff is not entitled to a preliminary injunction restraining the defendant International Cable Ride Corporation (International) from transferring the stock or assets of the defendants' passenger cable car business conducted on the site of the New York World's Fair. The plaintiff alleges the wrongful termination of a contract for its management of the business, with a revocation of its agency, and this action is now maintained principally for the recovery of damages due to the loss of a percentage share of the profits which plaintiff would have received under the contract. Plaintiff's allegations are inconsistent with a position that International is still bound by the contract and by the provisions therein alleged to bar any transfer. The plaintiff does not claim to be a partner of or

a joint venturer with International, and the action is not for an accounting. The plaintiff's remedy at law to recover damages is the appropriate and adequate remedy. Under the circumstances here, injunctive relief is not proper in aid of such a remedy. (See 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 6301.12, 6301.14.) Nor is such relief justified on the theory that, in case of a sale by International, the plaintiff will encounter difficulty in establishing its damages. The plaintiff will not be entitled to recover the commissions which it would have earned. Its recovery will be limited to the damages sustained by defendants' breach of contract (see *Wilson Sullivan Co.* v. *International Paper Makers Realty Corp.*, 307 N. Y. 20, 26, 27), and the plaintiff will be required merely to present evidence from which such damages may be estimated within reasonable limits (see *National Concert & Artists Corp.* v. *Murray*, 281 App. Div. 230; see, also, *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205, 209). Finally, the preliminary injunction may not be sustained as a means of securing International's retention of leviable assets in this State. It is true that the defendant International is a foreign corporation and a transfer of the cable car business may leave it without assets in the State, but the plaintiff has already had the benefit of an attachment order, pursuant to which substantial assets of the defendant were attached. An "attachment is the more appropriate remedy to prevent a removal or disposition of property" (see Third Preliminary Report of the Advisory Committee on Practice and Procedure, N. Y. Legis. Doc., 1959, No. 17, p. 150), and the plaintiff here is not entitled, in addition, to invoke the remedy of injunction for this purpose. (See CPLR 6001; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.05.) Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.