█ Anna R. Riester, Respondent, v. Town of Fleming, Appellant.— Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the following Memorandum: This proceeding raises the question of the propriety of the rejection by the town of all bids for work in connection with the reading of water meters and collection of all charges imposed. The town advertised for bids, reserving the right to reject any and all bids. Petitioner and one Brothers submitted the only bids, which were rejected. Thereafter, the town awarded the contract to Brothers for $2,400, he having previously submitted a bid for $2,500 while petitioner's bid was for $1,500. In a proceeding to review the town's action in rejecting the bids, Special Term, without taking proof, erroneously directed readvertisement for bids. The record is barren of any proceedings taken by the town in rejecting the bids and we are further deprived of any reason assigned for rejecting the bids and later awarding the contract to the highest bidder. The pleadings present fact issues which required determination by Special Term (CPLR 7804, subd. [h]) and, without proper determination thereof, an informed decision cannot be made as to whether the action of the town was proper. " 'In exercising the power to reject any or all bids, and proceeding anew with the awarding of the contract, the officers [of a municipality] cannot act arbitrarily or capriciously, but must observe good faith and accord to all bidders just consideration' ". (Matter of Carucci v. Dulan, 24 A D 2d 529; 10 McQuillin, Municipal Corporations [3d ed.], § 29.77, p. 438.) Legislative intent favoring competitive bidding may not be evaded under color of rejection. (10 McQuillin, Municipal Corporations [3d ed.], § 29.77, p. 438.) We must remit the matter for determination of the critical issue of the town's good faith in rejecting the bids and awarding the contract to the highest bidder at a negotiated price of $100 less than his bid.

We take note of the paucity and inadequacy of the record and remind counsel of the responsibility to comply with established rules and requirements. (Appeal from judgment of Cayuga Special Term setting aside award of contract.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.