◼  In the Matter of GENERAL BUILDING CONTRACTORS OF NEW YORK STATE, INC., Appellant, v. BOARD OF TRUSTEES, VILLAGE OF CAYUGA HEIGHTS, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered February 2, 1973 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment directing that no bids for a water treatment facility be taken under the existing contract; that if bids have been taken, no award of the contract be made; and that if new contracts are let, new specifications should be drawn to comply with sections 101 and 103 of the General Municipal Law and section 220 of the Labor Law. Petitioner is a duly organized not-for-profit corporation with its principal office and place of business in Latham, New York. Its membership consists of 222 contractors, eight of whom are alleged prospective bidders on the construction project which is the subject matter of this special proceeding and two of whom are residents of Tompkins County, the county of both respondents and of the subject project. This proceeding which, in substance, seeks to prevent contracts for a public works project from being awarded, to have any such contracts already awarded be rejected, and to have new specifications drawn if bids for such contracts are resolicited, was commenced by order to show cause dated December 21, 1972, the day on which the original bids were received, opened, and read. All of the above was accomplished prior to the return date in Special Term. It also appears that, subsequent to the dismissal of the petition on the merits, respondents, on February 15, 1973, let three contracts on the project, no stay or restraining order having been sought by petitioner, and work on the project is currently in progress. Respondents, having failed at Special Term to raise an otherwise valid objection to petitioner's standing to bring this proceeding (see, *Swiss Forest Homeowners Assn.* v. *Ole Olsen, Ltd.*, 38 A D 2d 619, mot. for lv. to app. den. 29 N Y 2d 489), may not do so for the first time on this appeal (*Klein-Messner Co.* v.

*Fair Waist & Dress Co.*, 217 App. Div. 647, 650; *Skinner* v. *Schwab*, 188 App. Div. 457, affd. 229 N. Y. 549; 10 Carmody-Wait 2d, New York Practice, § 70:301, p. 566). This proceeding may be properly categorized as being in the nature of mandamus, petitioner claiming that respondents are taking administrative action in contravention of statutory directions. As such, it is an extraordinary remedy, and the granting of relief is to a great extent discretionary. "The courts will be chary to issue it so as to cause disorder and confusion in public affairs, even though there may be a strict legal right" (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 282; see, also, *Matter of Ahern* v. *Board of Supervisors of County of Suffolk*, 6 N Y 2d 376). Without reaching the question of whether petitioner had a legal right to the relief sought, we hold that the circumstances of this case compel the conclusion that such relief must be denied. The delay in the commencement of this proceeding, which in and of itself raises a serious question of laches, and the absence of any request for a stay or restraining order pending the determination of the matter before Special Term have produced a situation where, not only have the bids been received and opened, but contracts have been awarded and work begun. Furthermore, statutes of the type involved herein are intended for the protection of the municipalities and the taxpayers therein (*Matter of Allen* v. *Eberling*, 24 A D 2d 594). Given the above factors, we conclude that it would be inappropriate to grant the relief sought. Judgment affirmed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.