OPINION OF THE COURT
Edward F. McLaughlin, J.
In this article 78 proceeding, returnable at Special Term on October 3, 1977, petitioner, Jacob J. Surdell (Surdell) challenges the propriety of an insurance contract award made by respondent, City of Oswego (city) to the firm of Walrath, Cornwell & Riley (Walrath). Petitioner contends that the city acted in an arbitrary and capricious manner and failed to show good faith in its award, and requests an order directing the city to award the insurance contract to petitioner or direct readvertisement for bids for the contract.
The city contends that the contract was properly awarded to the Walrath firm and that it is under no duty to reopen a *1043 bidding procedure for the contract. Walrath makes a cross motion to dismiss the petition as to itself, claiming that it is not a proper party in this article 78 proceeding.
Because issues of fact were raised by the parties in their arguments, a hearing was held by authority of CPLR 7804 (subd [h]) on October 29, 1977.
Petitioner is an insurance agent who sold insurance coverage to the City of Oswego from February, 1974 through February, 1977. Prior to this period, the city had obtained the insurance from various agencies, usually on a noncompetitive basis, although competitive bidding was used occasionally. In October of 1976, the city employed Walrath, Cornwell & Riley, Inc. to draft specifications for the city’s insurance needs for the years 1977 through 1979. These specifications were used when the city invited several agencies to make bids for the 1977-1979 contract.
Two agencies, Surdell and Walrath, responded to the invitation for bids on the deadline date, January 19, 1977. Two days later Surdell submitted a corrected bid which became the lowest bid but did not meet all of the specifications required by the city. On January 31, 1977, the city accepted Walrath’s "low bid” and awarded the contract by resolution No. 37 to that agent.
Thereafter, on May 16, 1977, Surdell commenced an article 78 proceeding against the city and the Walrath firm, contending that the city arbitrarily and capriciously rejected his bid. Petitioner argued that Walrath was given an unfair and unwarranted advantage in the bidding procedure in that Walrath, while employed by the city, had drawn the specifications and had the opportunity to summarize and comment on all submitted bids. Petitioner contended that such an advantage was in direct conflict with section 801 of the General Municipal Law, which forbids and prohibits conflicts of interests of municipal officers and employees.
A decision was rendered by the Honorable Henry A. Hudson on May 16, 1977, directing that "the bidding procedure used by the City of Oswego, New York, to award a contract for the City’s insurance needs for the years 1977, 1978 and 1979 is hereby vacated, annulled and set aside with respect to the respondent, Walrath, Cornwell & Riley, Inc.” This order did not award the petitioner, Surdell Insurance Agency, the insurance contract as requested.
On May 23, 1977, the city passed resolution No. 315 naming *1044 Walrath, Cornwell & Riley, Inc., the insurance carrier for the City of Oswego, New York, subject to the signing of Judge Hudson’s order. On May 25, 1977, the city passed resolution No. 314 rescinding its initial award of the contract, to Walrath under resolution No. 37 of January 31, 1977. Justice Hudson’s order was subsequently signed on June 9, 1977.
The petitioner asks the court to remedy this situation by holding that once the city has solicited bids for its insurance contract and had its procedure invalidated, it must then readvertise for new bids and award the contract on a competitive basis.,
Section 103 of the General Municipal Law provides for a competitive bidding for certain public work contracts. In Matter of Lynd v Heffernan (286 App Div 597) the court held that a city charter provision requiring that contracts must be let to the lowest bidder did not apply to the placing of a public liability insurance contract. This conclusion has been consistently followed in cases involving construction of the General Municipal Law. (See American Totalisator Co. v Western Regional Off-Track Betting Corp., 44 AD2d 750; Hurd v Erie County, 34 AD2d 289; 17 Opns St Comp 126; 11 Opns St Comp 137; 10 Opns St Comp 323.)
If an "exempt” professional services contract is nonetheless put up for bids, and the bidding procedure is overturned, is the city then obligated to readvertise and solicit new bids? I think not. Absent a showing of a pattern of conduct sufficient to allow a reasonable reliance on past custom or procedure in awarding service contracts, a municipality should not be locked into a certain business practice by unsuccessful bidders, particularly when such practice has been held to have no application to such contracts. In this case, there is insufficient evidence to establish a pattern of conduct on the part of the city in awarding insurance contracts on a strictly competitive basis. Therefore, it must be concluded that the municipality may write its coverage with any responsible agency of its choosing. (17 Opns St Comp 126; Matter of Lynd v Heffernan, supra.)
Petitioner has raised the question of the good faith of the city in choosing to decline his bid and summarily award the contract to the Walrath firm. After taking proof at the hearing relative to the city’s actions and reasons therefor (Riester v Town of Fleming, 32 AD2d 733), the court finds no evidence that the city acted in bad faith in making its award. City *1045 officials testified that they had on occasion been dissatisfied with petitioner’s past performance in paying claims submitted by the city. Moreover, the city believed that the petitioner’s bid did not adequately cover its insurance needs as set forth in the specifications. It was also feared that the city would be temporarily without coverage and would be forced to pay at a much higher short-rate premium basis should the insurance contract be canceled at the city’s request. Finally, the city officers were advised by the Corporation Counsel that since competitive bidding was not required for insurance contracts, the city need not readvertise for bids if the city’s interests would thereby be impaired. Petitioner, on the other hand, offered no direct testimony and failed to show bad faith on the part of the city in awarding the insurance contract without bid to the Walrath firm.
Petitioner also suggests that the award of the contract to Walrath violated the spirit and intent of section 801 of the General Municipal Law and Justice Hudson’s order.
Subdivision 5 of section 800 of the General Municipal Law defines a "[m]unicipal officer or employee”, while section 801 prohibits conflict of interests of such officers or employees. It does not appear that the Walrath firm was a "municipal employee” within the meaning of the statute when it contracted to draw specifications for the city’s insurance needs. The evidence shows that the city specifically sought to avoid possible conflicts of interest problems by not inviting bids from insurance agencies having ties with municipal officials.
Although the city’s bidding procedure was vacated by court order, the city retained the authority to award the contract on a noncompetitive basis. In the absence of fraud, corruption, or abuse of discretion, the determination of the proper officers in making an award will not be disturbed by the courts. (Gilmore v City of Utica, 131 NY 26.) Courts will not attempt to control the municipal discretion nor substitute their judgment for that of the municipal officials. (Hastings Pavement Co. v Cromwell, 67 Misc 212.)
Finally, it should be noted that section 103 of the General Municipal Law and similar statutes requiring competitive bidding " 'are enacted for the benefit of property holders and taxpayers, and not for the benefit or enrichment of bidders, and should be so construed and administered as to accomplish such purpose fairly and reasonably with sole reference to the public interest’ ”. (Jered Contr. Corp. v New York *1046 City Tr. Auth., 22 NY2d 187, 193; McQuillin, Municipal Corporations [3d ed], § 29.29, p 322.) Petitioner cannot claim that he was stripped of any vested right or interest by the rejection of his bid.
The cross motion to dismiss this proceeding as against respondent, Walrath, Cornwell & Riley, Inc. is granted without costs on the ground that said agency is not a "body or officer” within the definition of CPLR 7802 (subd [a]). The petition of Jacob J. Surdell Insurance Agency for relief against respondent, City of Oswego, under CPLR article 78 is denied, without costs.