■ In the Matter of DELTA CHEMICAL MANUFACTURING COMPANY, Respondent, v DEPARTMENT OF GENERAL SERVICES OF THE CITY OF NEW YORK, DIVISION OF MUNICIPAL SUPPLIES, Appellant. — Order and judgment (one paper) Supreme Court, New York County, entered on July 30, 1980, granting petitioner-respondent Delta Chemical Manufacturing Company's motion for a preliminary injunction prohibiting respondent-appellant Department of General Services of the City of New York from awarding two contracts based on a June, 1980 round of closed bidding and ordering appellant to award the contracts on the basis of low bids generated during the original round of closed bidding had during April of 1980, reversed, on the law, without costs, and the preliminary injunction vacated. During April, 1980, the city's department of general services solicited bids for chlorine to be supplied to its six water systems. Petitioner, Delta Chemical Manufacturing Company, submitted the lowest bids for two of the six contracts. Because of what it perceived as ambiguities in the bid specifications respecting price adjustments and the declining price of chlorine since the initial bidding, appellant deemed it advantageous to reject Delta's bids and conduct a new round of bidding, (General Municipal Law, § 103, subd 1), the results of which were made public in June. Rather than participate in the June bidding round, Delta commenced this article 78 proceeding wherein it succeeded in enjoining the city from awarding any contracts on the basis of the June bidding and compelled acceptance of the low bids submitted in April. Though couched in terms of an article 78 proceeding this is merely an ordinary commercial suit, one in which there has been no showing irreparable harm will be occasioned if injunctive relief is denied. Delta can obtain full compensation in a plenary damage suit. There being an adequate remedy at law, a preliminary injunction is neither permissible nor appropriate. (Shelborne Beach Club v Hellman, 49 AD2d 933; National Educ. Prods. v Educational Reading Aids Corp., 34 AD2d 769; Fair Sky v International Cable Ride Corp., 23 AD2d 633, 634.) In reversing we do so without prejudice to Delta's right to commence a plenary action. Notice of Delta's claim, if any such notice be required, should present no impediment to that plenary action for by this article 78 proceeding Delta has furnished respondent timely notice of its claim. Concur — Sandler, Markewich, Bloom and Yesawich, JJ. [See 81 AD2d 507.]

Kupferman, J. P., dissents in part and concurs in part in a memorandum as follows: While I would agree that there is no impediment to a plenary action inasmuch as the article 78 proceeding provided the necessary timely notice of claim, I see no need to commence a separate plenary action. (See CPLR 103, subd [c]; Matter of Concord Realty Co. v City of New York, 30 NY2d 308, 314.) In any event, I would affirm on the opinion of Greenfield, J., at Special Term. [106 Misc 2d 617.]