■ In the Matter of DELTA CHEMICAL MANUFACTURING COMPANY, Respondent, v DEPARTMENT OF GENERAL SERVICES OF THE CITY OF NEW YORK, DIVISION OF MUNICIPAL SUPPLIES, Appellant. — Motion for reargument granted, and upon reargument: (1) this court adheres to its original determination; (2) the order of this court entered on March 12, 1981 (80 AD2d 782) is amended by deleting the last sentence thereof and substituting in lieu thereof the following: "[Kupferman, J. P., dissents in a memorandum.]"; and (3) the memorandum decision accompanying the aforesaid order is recalled and the following substituted therefor: Order and judgment (one paper) of the Supreme Court, New York County, entered July 30, 1980, granting Delta Chemical Manufacturing Company a preliminary injunction prohibiting the Department of General Services of the City of New York from awarding two contracts based on a June, 1980 round of closed bidding and ordering appellant to award the contracts on the basis of the low bids generated during the original round of closed biddings had during April, 1980, reversed, on the law, without costs, and the preliminary injunction vacated. During April, 1980, the Department of General Services solicited bids for chlorine to be supplied to its six water systems. Delta submitted the lowest bids for two of the six contracts. Because of what it perceived to be ambiguities in the bid specifications and the decline in the market price of chlorine since the initial round of bidding, the Department of General Services deemed it advisable to reject Delta's low bid and to conduct a new round of bidding. Rather than proceed in the second round of bidding Delta commenced this article 78 proceeding. Special Term granted the sought after injunction and compelled acceptance of the original low bids made by Delta. We reverse and deny the application. Subdivision 1 of section 103 of the General Municipal Law provides that all purchase contracts "involving an expenditure of more than three thousand dollars, shall be awarded * * * to the lowest responsible bidder * * * after advertisement for sealed bids in the manner provided by this section". It also authorizes the officer, board or agency letting the contract to "in his or its discretion, reject all bids and

readvertise for new bids in the manner provided by this section". Notwithstanding this broad statutory power to "reject all bids", it is not unlimited. To breathe vitality into the rejection there must be a rational basis for the exercise of discretion by the "officer, board or agency". However, "Once a rational basis for that determination is found to exist, the court's power to interfere in the award of a contract arising out of the bidding process is ended" (Hopkins, J., dissenting in *Abco Bus Co. v Macchiarola*, 75 AD2d 831, 833, revd on dissenting opn of Hopkins J., 52 NY2d 938). Here, the specifications provided: "Prices * * * are subject to increase or decrease in the event of increase or decrease in the general or published price as published in the Chemical Marketing Reporter, such increase or decrease shall be an amount bearing the same ratio to the new general or published price as the quotation bore to the general or published price effective on the date of the bid opening". Subsequent to the publication of the specifications it was ascertained that, on occasion, the *Chemical Marketing Reporter* published a single price for chlorine. Upon other occasions, it published a range of prices. This would make it difficult to ascertain the specific price at given times, thus creating the ambiguity which, in part, laid the basis for the city's rejection of the bids. Similarly, it would make most difficult the "automatic" application of the pricing clause upon which Delta places such great reliance. In these circumstances, we hold that a rational basis existed for the rejection of all bids. Hence, under *Abco*, the granting of the injunction by Special Term and the direction that the two contracts in question be awarded to Delta was improper. Concur — Sandler, Markewich and Bloom, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm on the opinion of Greenfield, J., at Special Term. [106 Misc 2d 617.]