■ In the Matter of STILSING ELECTRIC, INC., Appellant, v COUNTY OF ALBANY et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered March 17, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the County of Albany denying its bid for an award of an electrical public works contract. In December, 1981, petitioner submitted the low bid in response to respondent Albany County's advertisement for an electrical work contract to be performed at 112 State Street in the City of Albany. The contract was to be awarded at the county's February 8, 1982 meeting but, during January, 1982, complaints were made by a county legislator, who was also business agent for a local union, and others that petitioner's apprentice training program did not comply with State requirements. If these allegations were true, petitioner would have been ineligible to perform the electrical work contract under Albany County Resolution No. 163 for 1979, which requires an approved apprentice training program as a prerequisite to the award of any public works contract by respondent county. The county's finance committee, based on these facts, recommended that at the February 8, 1982 meeting, the county award the electrical work contract to the second lowest bidder, respondent Justin Electrical, Inc. (Justin), rather than petitioner. Petitioner then commenced a CPLR article 78 proceeding to enjoin respondent county from awarding the contract to Justin and to have petitioner declared the lowest responsible bidder. Respondent county, at the February 8, meeting, postponed awarding the contract until its March 8, 1982 meeting to enable petitioner to submit evidence of its compliance with Albany County Resolution No. 163 for 1979. By letter dated February 8, 1982, petitioner submitted materials to verify that its apprentice training program complied with the State regulations, including a copy of a letter dated February 1, 1982 from the State Department of Education which informed the State Department of Labor that an investigation revealed that petitioner's apprentice training program complied with State regulations. Meanwhile, respondent county added an addendum, which changed various specifications, to the contract and, thereafter, rejected all bids opened in December, 1981 and, incorporating the addendum, readvertised for new bids. Petitioner commenced a second CPLR article 78 proceeding to enjoin respondent county from rebidding the contract and further requesting the same relief sought in the earlier-initiated proceeding. After the proceedings were consolidated, Special Term dismissed the petitions. Justin was the low bidder and ultimately was awarded the contract. This appeal by petitioner followed. Subdivision 1 of section 103 of the General Municipal Law provides a county with authority to reject all bids and readvertise for new bids, providing that such action is not arbitrary or capricious (see *Reister v Town of Fleming,* 32 AD2d 733) and is supported by a rational basis (see *Matter of Delta Chem. Mfg. Co. v Department of Gen. Servs.,* 81 AD2d 507, 508). In view of the facts that the changes in the addendum are of a rather minor nature and, more importantly, that petitioner's second letter of February 8, 1982, demonstrated that its apprentice training program was found in compliance with State regulations by the State Department of Education, it

may well be that respondent county acted in an arbitrary and capricious manner and without a rational basis in rejecting all bids and readvertising for new bids. We need not reach this issue, however. This proceeding, which seeks to compel respondent county to perform an act required by statute, is in the nature of mandamus and, as such, is an extraordinary remedy (see, e.g., *Matter of General Bldg. Contrs. v Board of Trustees,* 42 AD2d 660, 661). The granting of relief in such a proceeding is largely discretionary and "[t]he courts will be chary to issue it so as to cause disorder and confusion in public affairs, even though there may be a strict legal right" (*Matter of Andresen v Rice,* 277 NY 271, 282). In this case, wherein at oral argument the parties informed us that the work has been completed, granting the relief requested would " 'cause disorder and confusion in public affairs' " and, accordingly, would be inappropriate (see *Matter of General Bldg. Contrs. v Board of Trustees, supra,* p 661). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.