■ In the Matter of STILSING ELECTRIC, INC., Appellant, v JOHN J. BONI et al., Respondents. — Appeal from an amended judgment of the Supreme Court at Special Term (Bradley, J.), entered July 15, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the County of Albany denying its bid for an award of an electrical public works contract. In March, 1982, petitioner was the low bidder on an electrical work contract to be performed at the Albany County Jail. Because of some concern about whether petitioner satisfied Albany County Resolution No. 163 for 1979, which requires a party to maintain an approved apprentice training program as a prerequisite to the awarding of public works contracts by respondent County of Albany, petitioner was asked to submit information showing compliance with the resolution by

April 2, 1982. By letter dated February 8, 1982, petitioner had sent respondent county a copy of a letter from the State Department of Education which informed the State Department of Labor that petitioner's apprentice training program satisfied State regulations. By letter dated March 30, 1982, petitioner forwarded additional materials to respondent county. At respondent county's April 12, 1982 meeting, the contract was awarded to respondent John J. Boni, the second lowest bidder. On May 12, 1983, petitioner commenced this CPLR article 78 proceeding to direct respondent county to award the contract to petitioner and to enjoin respondent Boni from performing the contract. Special Term dismissed the petition and this appeal ensued. This proceeding, which seeks to require respondent county to perform an act imposed by statute, is in the nature of mandamus. At oral argument, the parties informed us that the electrical work at the Albany County Jail has been completed. Thus, the situation presented in this case is like that presented to this court in *Matter of Stilsing Elec. v County of Albany* (97 AD2d 631), wherein we determined that even though the petitioner might have had a meritorious claim, it would have been inappropriate to grant the mandamus relief requested because the work contemplated by the contested contract had been completed (see, also, *Matter of General Bldg. Contrs. v Board of Trustees,* 42 AD2d 660, 661). Accordingly, although it is possible that petitioner herein had a valid claim against respondent county in light of petitioner's letter of February 8, 1982, which demonstrated that its apprentice training program was in compliance with State regulations, we do not resolve this issue because the contract work has been completed and it would be inappropriate under these circumstances to grant the relief petitioner has sought. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.