■ In the Matter of TRI-STATE AGGREGATES CORP., Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. — Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered on or about March 23, 1984, which denied the petitioner-respondent's (Tri-State) application to require the respondent-appellant (MTA) to award Tri-State a contract by reinstating its bid as low bid, and which dismissed Tri-State's CPLR article 78 petition without prejudice to its right to commence a plenary action, is unanimously modified, without costs, on the law, so as to dismiss Tri-State's petition, with prejudice, and otherwise affirmed.

Tri-State was invited by the MTA, along with 18 other parties, to bid on a contract for stone ballast. Pursuant to this, Tri-State submitted a sealed bid, as did three other firms. When the envelopes were opened, Tri-State's bid was the lowest, the other three firms indicating that they were not bidding. Several hours later, Tri-State was notified that another bid had been found, misfiled. This bid was lower than Tri-State's.

Tri-State met with the MTA to request that it be awarded the contract, which the MTA refused. The MTA then officially rejected Tri-State's bid and informed Tri-State that the contract would be rebid. Tri-State objected and brought this article 78 proceeding, claiming that the MTA's action was arbitrary and capricious.

The MTA does not have to bid at all on public contracts. (*Square Parking Sys. v Metropolitan Transp. Auth.*, 92 AD2d 782, 783.) However, once it does solicit bids, it is required to act fairly toward all bidders. (*Square Parking Sys. v Metropolitan Transp. Auth.*, at p 784.) Here, the MTA was faced with two competing interests. Tri-State was the lowest bidder as of the bid opening, but another company, with whom the MTA had dealt previously, had timely submitted a lower bid, one that the MTA itself had misplaced. Therefore, the MTA did the sensible thing, it rebid the contract. Moreover, they were on notice that a lower contract price was possible. Inasmuch as the MTA reserved the right to reject the bids, existence of a lower price clearly provides a rational basis for rejecting Tri-State's bid. (*See, Matter of Delta Chem. Mfg. Co. v Department of Gen. Servs.*, 80 AD2d 782, *mod* 81 AD2d 507, 508.)

In addition, since the contract period covered by the bid has now expired, the petition may be considered moot. Therefore, the petition should be dismissed with prejudice. Concur — Kupferman, J. P., Ross, Bloom and Kassal, JJ.