■ In the Matter of YORKTOWN AUTO BODY WORKS, INC., Appellant, v STATE OF NEW YORK DEPARTMENT OF TRANSPORTATION et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered June 22, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying a towing contract to petitioner.

Petitioner, claiming that it was the highest responsible

bidder, commenced this CPLR article 78 proceeding challenging respondents' determination not to award it an exclusive contract from February 1, 1989 to January 31, 1990 to provide towing and emergency road service upon a portion of the Taconic State Parkway. Respondents had found that petitioner did not meet the 30-minute response time requirement of 17 NYCRR 185.4 (c) and awarded the contract to the second highest bidder. Supreme Court dismissed the petition upon a finding that the determination not to award the contract to petitioner was supported by a rational basis. We agree.

Respondents, upon performing response time tests from petitioner's facility, determined that petitioner was not able to respond to a call for service from the farthest point in the zone within 30 minutes. Moreover, respondents determined that petitioner no longer owned a second facility in closer proximity to the section of the parkway involved from which it had dispatched tow trucks to service the zone under a previous contract. Upon our review of the record, we conclude that petitioner has not met its burden of proving that respondents' determination lacked a rational basis (see, *Matter of Schiavone Constr. Co. v Larocca,* 117 AD2d 440, 444, *lv denied* 68 NY2d 610; *Matter of Brereton & Assocs. v Regan,* 94 AD2d 886, 887, *affd* 60 NY2d 807).

In addition, the contract period covered by the bid has now expired and, accordingly, the matter may be considered moot (see, *Matter of Tri-State Aggregates Corp. v Metropolitan Transp. Auth.,* 108 AD2d 645, 646; *cf., Matter of Louis G. Bianchi, Inc. v City of Troy,* 92 AD2d 960).

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.